D. P. BRUTON, PLAINTIFF v. SEA CAPTAIN PROPERTIES, INC., RALPH SERRAPEDE AND WIFE, KATHLEEN SERRAPEDE, C. THOMAS QUALEY AND WIFE, CHRISTINE A. QUALEY, FRED NAHAS AND WIFE, VIRGINIA NAHAS, AND JAMES R. NANCE, JR., TRUSTEE, DEFENDANTS

No. 8913SC540

(Filed 5 December 1989)

**Rules of Civil Procedure § 60.1 (NCI3d) — motion to set aside judgment — excusable neglect alleged — motion not timely**

The trial court properly denied defendants' N.C.G.S. § 1A-1, Rule 60(b) motion to set aside judgment against them where defendants were residents of Pennsylvania and requested their Pennsylvania attorney to obtain N.C. counsel to represent them in this state; defendants relied upon representations by their Pennsylvania attorney that their interests were being taken care of; in fact no one was "minding the shop" in N. C. and a judgment of nearly $500,000 was entered against them; de-

fendants contended that they should be excused for failing to take further measures to keep informed about the status of their case; but defendants waited 29 months after entry of judgment and thus failed to comply with the express requirement of Rule 60 that their motion be made not more than one year after entry of the judgment.

**Am Jur 2d, Judgments §§ 699, 704, 718.**

APPEAL by defendants Fred Nahas and wife Virginia Nahas, C. Thomas Qualey individually and as Ancillary Administrator of the Estate of Christine A. Qualey from order entered 17 February 1989 in BRUNSWICK County Superior Court by *Judge Henry V. Barnette, Jr.* Heard in the Court of Appeals 8 November 1989.

On 5 December 1984 plaintiff filed suit against the defendant-appellants and others for foreclosure of a deed of trust, deficiency of principal on the underlying note and for the appointment of a receiver. The note was in the principal amount of $493,462.68. The deed of trust covered certain properties, including a motel located in Southport, North Carolina and condominium units located in Oak Island Beach Villas Condominiums.

Defendants are citizens and residents of the state of Pennsylvania and had used the services of a Pennsylvania lawyer not licensed to practice in North Carolina. After the defendants were served with process, they asked their attorney to secure North Carolina counsel to defend their interests in this action. North Carolina counsel was obtained, and on 27 February 1985 the parties filed an Answer which included general denials but admitted execution of the note and deed of trust by defendants. This answer was later withdrawn. On 30 September 1985, their North Carolina attorney withdrew from the case. No other North Carolina counsel was retained on behalf of the defendants.

The matter came on for trial by the Court without a jury at the 28 April 1986 session of Brunswick County Civil Superior Court. Judgment was entered 23 May 1986.

On 18 September 1987, sixteen months after judgment was entered against them, appellants Fred Nahas and wife, Virginia Nahas, moved the court to set the judgment aside pursuant to Rule 60 of the North Carolina Rules of Civil Procedure. On 10 October 1988, twenty-nine months after judgment was entered

against them, appellants C. Thomas Qualey individually and as the executor of the estate of his deceased wife, Christine A. Qualey, also moved to set aside the judgment. The motions were heard by the Honorable Henry V. Barnette, Jr. at the 13 February 1989 Session of Brunswick County Civil Superior Court. Judge Barnette denied the motions and defendants appealed. We affirm.

*Hafer Day & Wilson, P.A., by R. W. Day and Betty S. Waller,* for plaintiff-appellee.

*Frink, Foy, Gainey & Yount, P.A., by Henry G. Foy, for appellants Nahas; Fairley, Jess & Isenberg, by William F. Fairley,* for appellants Qualey.

LEWIS, Judge.

The sole question on appeal is whether Judge Barnette abused his discretion when he denied appellants' Rule 60(b) motion to set aside the judgment. *Vaglio v. Town and Campus Intern. Inc.,* 71 N.C. App. 250, 256, 322 S.E.2d 3, 7 (1984). G.S. 1A-1, Rule 60 provides:

(b) . . . On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

(1) Mistake, inadvertence, surprise, or excusable neglect;

(2) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

(3) Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; . . .

(6) Any other reason justifying relief from the operation of the judgment.

The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

G.S. Section 1A-1, Rule 60.

Appellants have argued that their motions should have been granted because they relied upon the representations of their Pennsylvania counsel that their case was being properly managed and

that their interests were being protected in North Carolina. In point of fact, no one was "minding the shop" in North Carolina, including the appellants, and a judgment of nearly $500,000.00 was entered against them in this action. Defendants argue that because their Pennsylvania attorney had competently procured North Carolina counsel in the past, and had made representations to them in this case that "everything was taken care of" and "not to worry," they should be excused for failing to take further measures to keep informed about the status of their case. They ask us to set aside the judgment entered against them. We decline.

One of the conditions precedent that must be proven before a court will consider a Rule 60(b) motion is timeliness. The motion must be made "within a reasonable time, and for reasons (1), (2) and (3) *not more than one year* after the judgment . . . was entered or taken." G.S. 1A-1, Rule 60(b). In the present case, appellants are arguing that the incompetent representation by their Pennsylvania counsel justifies their failure to seek North Carolina counsel or to otherwise appear on their own behalf. At its very best, this argument would bring their motions under Rule 60(b)(1) "excusable neglect." The Rule expressly requires motions under Rule 60(b)(1) to be made not more than one year after entry of the judgment. Here the parties waited well over one year after entry of the judgment and therefore are not timely in bringing their motions.

Appellants make a "totality of the circumstances" type argument that, taking all factors into consideration, the facts amount to "extraordinary circumstances" which justify relief under 60(b)(6). We disagree.

Rule 60(b)(6) cannot be the basis for a motion to set aside judgment if the facts supporting it are facts which more appropriately would support one of the five preceding clauses. We have repeatedly held that a movant may not be allowed to circumvent the requirements for clauses (b)(1) through (b)(5) by "designating their motion as one made under Rule 60(b)(6), which grants relief from a judgment or order for 'any other reason justifying relief from the operation of the judgment.'" *Akzona, Inc. v. American Credit Indem. Co.*, 71 N.C. App. 498, 505, 322 S.E.2d 623, 629 (1984). This Court, in *Akzona*, expressly refused to allow defendants to present discussion of Rule 60(b)(6) because their motion actually was based on newly discovered evidence which brought it "within the scope of Rule 60(b)(2), and not within the scope of Rule 60(b)(6), which

speaks of any *other* reason, i.e., any reason other than those contained in Rule 60(b)(1)-(5). Thus, this motion was not properly brought under Rule 60(b)(6). . . ." *Id.* (Emphasis original.)

Appellants' arguments are based upon circumstances which would allow relief, if at all, under Rule 60(b)(1) and not 60(b)(6). Since they did not bring their motions within one year of entry of judgment, their motions were not timely filed and denial was proper. Accordingly, we

Affirm.

Judges JOHNSON and COZORT concur.