**FOX v. HEALTH FORCE, INC.**

[143 N.C. App. 501 (2001)]

ADRIENNE M. FOX, as Guardian ad Litem for GAIL HOWARD, Plaintiff v. HEALTH FORCE, INC., DURHAM COUNTY, VELMA JOHNSON, DORLENE BRUCE and APRIL GREEN, Defendants; ADRIENNE M. FOX, as Guardian ad Litem for GAIL HOWARD, Plaintiff v. HEALTH FORCE, INC., ST. PAUL MARINE AND FIRE INSURANCE COMPANY, VELMA JOHNSON, DORLENE BRUCE and APRIL GREEN, Defendants

No. COA00-197

(Filed 15 May 2001)

**1. Appeal and Error— appealability—interlocutory order—certification**

An appeal from an order allowing a Rule 60(b)(6) motion for relief from a dismissal was interlocutory, but was allowed because the trial court certified that there was no just reason for delay.

**2. Rules of Civil Procedure; Guardians— action on behalf of incompetent—guardian not correctly appointed—Rule 60 relief**

N.C.G.S. § 1A-1, Rule 60(b)(6) was the appropriate remedy where plaintiff's mother sought to bring an action after plaintiff suffered permanent brain damage after choking while being fed by an employee of defendant; the attorney hired by plaintiff's mother brought an action before a guardian was appointed; the eventual appointment order was riddled with errors; and defendants' motions to dismiss were granted. Defendants cited no authority to support the contention that a finding of inexcusable neglect renders the trial court powerless to apply Rule 60(b)(6); while Rule 60(b)(1) cannot be used to excuse attorney error because the negligence is imputed to the client, none of the parties in this case was entitled to act on plaintiff's behalf. Furthermore, the trial court found that the attorney's inexcusable neglect could not be charged against plaintiff because she is an incompetent, entitled to the greatest possible protection by the court, and the statute of limitations was correctly tolled until the time a guardian was appointed.

Appeal by defendants from judgment entered 8 October 1999 by Judge Thomas C. Ross in Durham County Superior Court. Heard in the Court of Appeals 21 February 2001.

FOX v. HEALTH FORCE, INC.

[143 N.C. App. 501 (2001)]

*Twiggs, Abrams, Strickland & Trehy by Donald H. Beskind and Karen M. Rabenau, M. Lynette Hartsell, and Mitchell & Logan by P. Susan Mitchell for plaintiff-appellee.*

*Womble, Carlyle, Sandridge & Rice by Robert H. Sasser, III, Coleman M. Cowan and Christopher W. Jones for defendant-appellants Health Force, Inc. and April Green.*

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan by John D. Madden and Christopher G. Smith for defendant-appellants.*

*Durham County, St. Paul Fire and Marine Insurance Co., Dorlene Bruce and Velma Johnson.*

THOMAS, Judge.

This appeal is the result of three separate lawsuits. The factual history is as follows. Gail Howard (Gail), born 3 March 1956, suffered from multiple sclerosis and lived with her parents. Until the incident in question, which occurred on 20 October 1993, Gail was a lively individual, able to do almost everything except walk and feed herself. Her condition, however, did make it difficult for her to hold items in her hands. When both of her parents needed to be out of the home, they would at times take her to a respite care center operated by defendant Durham County, staffed in part by defendant Health Force, Inc. (Health Force), and insured by St. Paul Marine and Fire Insurance Company (St. Paul). Defendants Velma Johnson, Dorlene Bruce and April Green were Durham County employees working at the center.

Gail's mother, Addie C. Howard (Howard), left explicit written and oral instructions with personnel at the center to feed Gail only small pieces of food because she easily choked. Plaintiff alleges that on 20 October 1993, Gail choked while being fed by an employee of Health Force with CPR (cardiopulmonary resuscitation) not immediately performed. She suffered permanent brain damage and ever since has been in a permanent vegetative state.

Howard hired Attorney Laurence Colbert (Colbert) soon after the incident to represent Gail's interests. Howard alleges she paid Colbert $1,000 to cover the costs of an expert witness with Colbert filing the first case on 31 January 1996. Howard was listed in the caption as guardian *ad litem* for Gail with both Howard and Gail named in the complaint as plaintiffs. However, Gail had not yet been adjudicated incompetent, nor had Howard been appointed either Gail's

legal guardian or guardian *ad litem*. Defendants filed an answer and moved to dismiss, but before the hearing on 19 February 1997, Howard, through Colbert, took a voluntary dismissal. Earlier, on 22 October 1996, and prior to the voluntary dismissal, Colbert filed a motion for an extension of the statute of limitations in a medical malpractice action. The court granted the motion.

On 19 February 1997, Colbert and Howard filed a second claim. Howard was yet again named the plaintiff as "guardian *ad litem*." As before, she had not been appointed guardian or guardian *ad litem*. Gail had not been adjudicated incompetent. Defendants filed answers and motions to dismiss based in part on the expiration of the statute of limitations and governmental immunity. However, on 20 October 1997, while the 19 February 1997 action was pending, Colbert submitted a petition stating that Gail was an incompetent with *no* general or testamentary guardian and requested the court appoint a guardian *ad litem* in order for Gail to bring an action against defendants. On the same date, a Durham County Assistant Clerk of Superior Court inappropriately appointed Howard as Gail's guardian *ad litem*. The appointment order is riddled with deficiencies, however. Rule 17 of the N.C. Rules of Civil Procedure governs the appointment procedure. For an incompetent plaintiff, the appointment must be made at any time prior to or at the commencement of the action. N.C. Gen. Stat. § 1A-1, Rule 17(c)(1) (2000). Here, the appointment petition and order were filed over eight months after the commencement of the action filed on 19 February 1997. Moreover, the order refers to the then forty-one year-old Gail as an "infant" and states that Howard may bring an action on "his" behalf. Further, the petition, signed by Colbert, was unverified. Consequently, Howard was not a validly appointed guardian *ad litem*.

Included with the petition and order erroneously appointing Howard as Gail's guardian *ad litem*, was an application and order extending the time to file a complaint even though the 19 February 1997 action remained pending. We note that Howard did not attempt to amend her second complaint to allege unfair and deceptive trade practices, but filed a third complaint on 12 November 1997, which was identical to the second complaint except for the hand-written substitution of St. Paul as a defendant in place of Durham County, an allegation of unfair and deceptive trade practices and a request for treble damages. Defendants filed new motions to dismiss based on insufficiency of service and process and failure to state a claim upon which relief can be granted. Howard sought to amend the third com-

plaint to allege that Durham County had purchased liability insurance. The defendants' motions were granted and Howard's motion to amend denied in December 1997.

Throughout these various actions and filings, Howard alleges she was often in contact with Colbert and was always assured by him that the case was progressing well. In subsequent hearings, the trial court taxed costs and attorney fees against Howard in a total amount of $9,282.67. On 11 June 1998, the hearing date of Howard's motion to amend the first dismissal order in the second case, Colbert moved to withdraw as counsel for Howard and Gail, saying he was "under a doctor's care and can not handle the stress of this case[.]" R. p. 102. The motion was granted. Howard claims she never had notice of the 11 June 1998 hearing.

Soon thereafter, Howard hired another attorney. Gail was properly adjudicated legally incompetent and Howard was appointed her legal guardian on 28 September 1998. Adrienne Fox was appointed as Gail's guardian *ad litem* and filed a Rule 60 Motion for Relief on 8 December 1998. In the motion, plaintiff moved for relief from the orders of dismissal and penalties as to the complaints filed on 19 February 2001 and 12 November 1997 arguing the orders were voidable due to extraordinary circumstances. On 16 December 1997, the trial court had allowed defendants Durham County, Velma Johnson and Dorlene Bruce's motions to dismiss in the action filed 19 February 1997. On 29 December 1997, the trial court had allowed defendants Health Force and April Green's motions to dismiss in the action filed 19 February 1997 and in the action filed 12 November 1997, with the exception of the unfair and deceptive trade practice claim, which was not before the court at that time. On 18 March 1998, attorney fees for these defendants had been allowed and the remaining claim was dismissed. On 30 March 1998, the trial court had allowed defendants St. Paul, Velma Johnson and Dorlene Bruce's motions to dismiss and request for attorney fees in the action filed on 12 November 1997.

Plaintiff argued, in a memorandum in support of the Rule 60(b) motion, that 1) Rule 60(b)(1) relief is proper due to excusable neglect by plaintiff; and 2) Rule 60(b)(6) relief is proper since Gail had no validly appointed general guardian or guardian *ad litem*. In an order dated 4 October 1999, the trial court granted plaintiff's motion, pursuant to Rule 60(b)(6), giving plaintiff relief from all dismissals, costs, and fee orders entered in the previous cases. The trial court

also concluded that the statute of limitations for Gail's claims began to run no sooner than 28 September 1998. That was the date she was adjudicated incompetent and her mother was appointed her legal guardian. On 28 October 1999, defendants entered timely notices of appeal.

By their only assignment of error, defendants argue the trial court erred as a matter of law in allowing plaintiff's motion for relief under Rule 60(b)(6). We disagree and for the following reasons, affirm the trial court's nullification of its previous orders.

[1] Although this issue was not raised by the parties, we note that this appeal would normally be considered interlocutory as it directs some further proceeding preliminary to a final decree and the case remains in the trial court. *Blackwelder v. Dept. of Human Resources*, 60 N.C. App. 331, 299 S.E.2d 777 (1983). However, an interlocutory order may be heard in appellate courts if it affects a substantial right. *See* N.C. Gen. Stat. § 1-277(a) (1999). An immediate appeal may also be obtained if a trial judge certifies a case for immediate appeal pursuant to Rule 54(b) of the N.C. Rules of Civil Procedure. The statute provides "the court may enter a final judgment as to one or more but fewer than all of the claims or parties only if there is no just reason for delay and it is so determined in the judgment. Such judgment shall then be subject to review by appeal[.]" In the instant case, the trial judge made such a certification at the conclusion of the order allowing plaintiff's Rule 60(b) motions, stating that there was no just reason for delay. R. p. 180. We, therefore, allow the appeal of the trial court's order.

[2] Rule 60(b) provides:

(b) Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud, etc.—On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

(1) Mistake, inadvertence, surprise, or excusable neglect;

(2) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

(3) Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(4)  The judgment is void;

(5)  The judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(6)  Any other reason justifying relief from the operation of the judgment.

N.C. Gen. Stat. § 1A-1, Rule 60(b) (2000). Defendants argue the trial court erred in basing its conclusion on Rule 60(b)(6) because of its factual finding of Colbert's inexcusable neglect. They contend granting relief for acts or omissions amounting to inexcusable neglect is specifically disallowed under Rule 60(b)(1). *See Briley v. Farabow*, 348 N.C. 537, 501 S.E.2d 649 (1998). However, the trial court's order was based on Rule 60(b)(6), not Rule 60(b)(1). Moreover, defendants cite no authority, legal or otherwise, to support its contention that a finding of inexcusable neglect renders the trial court powerless to apply Rule 60(b)(6). Further, *Briley v. Farabow, supra,* applies to the case where the plaintiff-victim hired an attorney, who then committed error. In such case, Rule 60(b)(1) cannot be used to excuse attorney error because the negligence is imputed to the client. *Id.* In the case at bar, however, Gail was never the client. The person representing Gail as her "guardian *ad litem*" was not in actuality her guardian or guardian *ad litem*. At that time, none of the parties was entitled to act on Gail's behalf, as incompetent plaintiffs *must* be represented by a general or testamentary guardian or guardian *ad litem*. N.C. Gen. Stat. § 1A-1, Rule 17(b)(1) (1999). Moreover, the trial court specifically stated that Colbert's inexcusable negligence could not be charged against Gail because she is an incompetent "entitled to the greatest possible protection by this court." R. p. 179.

Defendants also cite *Bruton v. Sea Captain Properties*, 96 N.C. App. 485, 386 S.E.2d 58 (1989), stating a party cannot proceed under Rule 60(b)(6) if one of the other Rule 60(b) bases were more appropriate. However, *Bruton* can be distinguished from the instant case in that *Bruton* was based solely on the neglect of the attorney. The *Bruton* Court clarified that Rule 60(b)(6) concerns "any *other* reason, i.e., any reason other than those contained in Rule 60(b)(1)-(5)." *Id.* (Quoting *Akzona, Inc. v. American Credit Indem. Co. of New York*, 71 N.C. App. 498, 505, 322 S.E.2d 623, 629 (1984) (Emphasis original). In the instant case, relief was granted because "[e]xtraordinary circumstances exist in this case, *including but not*

*limited to* the fact that an incompetent person has lost all of her legal rights to address negligence that may have rendered her incompetent through no fault of her own." R. p. 179. (Emphasis added). This basis does not cleanly conform to Rule 60 (b)(1)-(5).

Because Gail was not yet adjudicated incompetent, although in fact she clearly was, the statute of limitations was tolled. N.C. Gen. Stat. § 1-17(a)(3) (2000). Once her guardian was appointed to represent her interests, the limitation period began to run from the time of the appointment. N.C. Gen. Stat. §97-50 (2000); *Jefferys v. Tolin*, 90 N.C. App. 233, 368 S.E.2d 201 (1988). Thus, the trial court correctly designated 28 September 1998 as the first day of the limitation period.

For the reasons stated above, we find Rule 60(b)(6) the appropriate remedy for plaintiff and affirm the trial court.

AFFIRMED.

Judges WYNN and McGEE concur.