IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA17-860

 Filed: 2 January 2018

Cumberland County, No. 15 CVS 9497

KRISTA RAGSDALE, GUARDIAN AD LITEM FOR ALEC SEEBURGER, Plaintiff,

 v.

DR. JOHN M. WHITLEY AND CUMBERLAND COUNTY HOSPITAL SYSTEM,
INC., D/B/A CAPE FEAR VALLEY HEALTH SYSTEM, Defendants.

 Appeal by plaintiff from order entered 16 May 2017 by Judge Beecher R. Gray

in Cumberland County Superior Court. Heard in the Court of Appeals

29 November 2017.

 Coy E. Brewer, Jr. and Allen W. Rogers for plaintiff-appellant.

 Parker Poe Adams & Bernstein LLP, by Michael J. Crook and Patrick M.
 Meacham, for defendant-appellees.

 ARROWOOD, Judge.

 Krista Ragsdale (“Krista”), guardian ad litem for Alec Seeburger (“Alec”),

(“plaintiff”) appeals from an order granting summary judgment in favor of Dr. John

Whitley (“Dr. Whitley”) and Cumberland County Hospital System, Inc., d/b/a Cape

Fear Valley Health System (“defendants”). For the reasons stated herein, we reverse

the order of the trial court and remand for further proceedings.

 I. Background
 RAGSDALE V. WHITLEY

 Opinion of the Court

 On 20 May 2015, Alec filed a complaint for medical malpractice against Dr.

Whitley and Cape Fear Valley Neurosurgery d/b/a Cape Fear Valley Health System

Specialty Group, LLC f/k/a Cape Fear Valley Health System, Inc. On

12 November 2015, Alec voluntarily dismissed the complaint pursuant to Rule 41 of

the North Carolina Rules of Civil Procedure.

 On 7 December 2015, plaintiff was appointed as guardian ad litem (“GAL”) for

Alec. In an order filed 31 December 2015, the trial court stated that “[i]t appears to

the Court from [Krista’s] affidavit and the statement from his treating physician that

Alec [] is incapable of conducting his own affairs and is entitled to the appointment

of a Guardian ad Litem.”

 On 31 December 2015, plaintiff refiled the complaint against defendants. On

5 April 2016, plaintiff filed an amended complaint. Plaintiff alleged as follows: Alec

was born on 19 January 1996 and was until his eighteenth birthday on

19 January 2014, “a minor and was then, continuously has been and is presently

under a disability preventing him from initiating this civil action for medical

malpractice and professional negligence by the Defendants in this case.” Plaintiff

alleged that her claim was filed within the applicable statute of repose in that the

last act giving rise to the cause of action occurred on 12 February 2012, when

defendants’ negligent treatment of Alec was discovered. In February of 2011, Alec

began experiencing peripheral vision difficulties and was later diagnosed with having

 -2-
 RAGSDALE V. WHITLEY

 Opinion of the Court

a large pituitary adenoma. A blood test to determine prolactin levels of the large

pituitary adenoma could determine whether it should be treated surgically or

medically. Plaintiff alleged that Dr. Whitley, Alec’s neurosurgeon, when evaluating

the need for and extent of brain surgery, and while treating Alec after surgery,

negligently failed to assess the nature of the adenoma by failing to order a blood test

to determine whether the pituitary adenoma could be treated medically instead of

surgically.

 Alec underwent surgery with Dr. Whitley on 6 March 2011. The surgery

resulted in substantial swelling of Alec’s brain, proximately causing a severe stroke

and “severe, permanent, and debilitating neurological damage in addition to the

severe, permanent, and debilitating neurological damage previously caused by the

extensive and invasive brain surgery performed by Defendant Whitley.” Plaintiff

further alleged that surgery was unnecessary and inappropriate because Alec had a

prolactinoma which should have been treated medically rather than surgically. Dr.

Whitley’s failure to order a blood test was a departure from the required or expected

standard of care. Dr. Whitley continued to treat Alec until or about

12 February 2012, during which time Alec “experienced great pain and suffering,

inability to see or walk and substantial neurological deficits.”

 Plaintiff alleged that in February of 2012, Alec began receiving medical

services from Dr. Gerald Grant (“Dr. Grant”). Dr. Grant ordered a blood test which

 -3-
 RAGSDALE V. WHITLEY

 Opinion of the Court

established that Alec’s “tumor was a prolactinoma which was treatable medically.”

Plaintiff alleged that Dr. Whitley’s surgery and the delay in beginning appropriate

medical treatment of the tumor had proximately caused “severe and permanent

neurological and physiological damage” to Alec.

 On 6 May 2016, defendants filed an answer to the amended complaint. On

27 February 2017, defendants also filed a motion for summary judgment pursuant to

Rule 56 of the North Carolina Rules of Civil Procedure.

 In a 16 May 2017 order, the trial court granted defendants’ motion for

summary judgment and recited the basis of its determination:

 IT APPEARING TO THE COURT that this is a medical
 malpractice action pursuant to N.C.G.S. § 90-21.12 and
 that the statute of limitations for this matter was governed
 by N.C.G.S. § 1-15(c) and § 1-17(b);

 . . . that [Alec] was born on January 19, 1996;

 . . . that the events giving rise to the Plaintiff’s Complaint
 occurred on or about March 7, 2011;

 . . . that the Plaintiff was 18 years old as of
 January 19, 2014, and 19 years old as of January 19, 2015;

 . . . that [Alec] filed the initial Complaint in his own name
 without the appointment of a guardian ad litem on
 May 20, 2015; the initial Complaint contained no
 allegations or representations that Plaintiff was
 incompetent, and that paragraph 10 of the initial
 Complaint stated, “This claim for relief is filed within the
 applicable Statute of Limitations because [Alec] until
 January 19, 2014 was a minor and the three year statute
 of limitations began running on that date.” Therefore, it

 -4-
 RAGSDALE V. WHITLEY

 Opinion of the Court

 appears to the Court that the initial Complaint was filed
 after the expiration of the applicable statute of limitations,
 and while the injured Plaintiff was under no judicially
 recognizable disability, nor incompetent.

 . . . that Plaintiff voluntarily dismissed his Complaint
 without prejudice on November 12, 2015. At no time prior
 to the dismissal of the Complaint did the Plaintiff allege or
 represent to the Court that the Plaintiff was not
 competent.

 . . . that the Plaintiff re-filed a Complaint on
 December 31, 2015, after the appointment of a guardian ad
 litem, and that, for the first time, Plaintiff alleged in the
 re-filed Complaint that he was under a disability. The
 Plaintiff never was adjudicated incompetent pursuant to
 the purposes and intent of N.C.G.S. Chapter 35A;

 . . . that a judicial determination of the Plaintiff’s
 competency was never made pursuant to N.C.G.S. Chapter
 35A and the Plaintiff failed to demonstrate or otherwise
 meet its burden of proof with regard to Plaintiff’s
 competency at the time of the filing of the original
 Complaint, at the time of the re-filing of the Complaint,
 and as of the time of the hearing on Defendant’s Motion for
 Summary Judgment;

 . . . that the current action, like the initial Complaint, was
 filed after the expiration of the applicable statute of
 limitations, that the injured Plaintiff never has been
 adjudicated incompetent for the purposes of N.C.G.S.
 Chapter 35A, and that therefore there is no genuine issue
 of material fact as to whether the statute of limitations is
 a bar to the injured Plaintiff’s claims.

On 5 June 2017, plaintiff filed timely notice of appeal.

 II. Discussion

 -5-
 RAGSDALE V. WHITLEY

 Opinion of the Court

 On appeal, plaintiff argues that the trial court erred in granting summary

judgment in favor of defendants. Specifically, plaintiff contends that the trial court

erred by determining that an adjudication of incompetency pursuant to Chapter 35A

of the North Carolina General Statutes was necessary to toll the statute of

limitations. In addition, plaintiff contends that there was a genuine issue of material

fact as to whether Alec had been incompetent since his eighteenth birthday until

7 December 2015, the date his GAL was appointed. We agree.

 “Our standard of review of an appeal from summary judgment is de novo; such

judgment is appropriate only when the record shows that ‘there is no genuine issue

as to any material fact and that any party is entitled to a judgment as a matter of

law.’ ” In re Will of Jones, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008) (quoting

Forbis v. Neal, 361 N.C. 519, 523-24, 649 S.E.2d 382, 385 (2007)). “The evidence

produced by the parties is viewed in the light most favorable to the non-moving

party.” Hardin v. KCS Intern., Inc., 199 N.C. App. 687, 695, 682 S.E.2d 726, 733

(2009) (citation omitted).

 In this appeal, we must first determine whether the trial court erred by

determining that plaintiff must have obtained an adjudication of incompetency under

Chapter 35A in order for the applicable statute of limitations to be tolled.

 “Questions of statutory interpretation are questions of law[.] . . . The primary

objective of statutory interpretation is to give effect to the intent of the legislature.

 -6-
 RAGSDALE V. WHITLEY

 Opinion of the Court

The plain language of a statute is the primary indicator of legislative intent.” First

Bank v. S & R Grandview, L.L.C., 232 N.C. App. 544, 546, 755 S.E.2d 393, 394 (2014)

(internal citations omitted).

 When the language of a statute is clear and without
 ambiguity, it is the duty of this Court to give effect to the
 plain meaning of the statute, and judicial construction of
 legislative intent is not required. However, when the
 language of a statute is ambiguous, this Court will
 determine the purpose of the statute and the intent of the
 legislature in its enactment.

Diaz v. Division of Social Services, 360 N.C. 384, 387, 628 S.E.2d 1, 3 (2006) (internal

citations omitted).

 The statute of limitations for “a cause of action for malpractice arising out of

the performance of or failure to perform professional services” is three years from the

date the action accrued. The limitations period begins to accrue at “the time of the

occurrence of the last act of the defendant giving rise to the cause of action[.]” N.C.

Gen. Stat. § 1-15(c) (2015). Actions on behalf of minors for malpractice are subject to

N.C. Gen. Stat. § 1-15(c)’s limitations periods, “except that if those time limitations

expire before the minor attains the full age of 19 years, the action may be brought

before the minor attains the full age of 19 years.” N.C. Gen. Stat. § 1-17(b) (2015).

However, N.C. Gen. Stat. § 1-17(a) provides, in pertinent part, that a “person entitled

to commence an action who is under a disability at the time the cause of action

accrued may bring his or her action within the time limited in this Subchapter, after

 -7-
 RAGSDALE V. WHITLEY

 Opinion of the Court

the disability is removed[.]” N.C. Gen. Stat. § 1-17(a). For the purposes of N.C. Gen.

Stat. § 1-17(a), “a person is under a disability if the person . . . is incompetent as

defined in G.S. 35A-1101(7) or (8).” N.C. Gen. Stat. § 1-17(a)(3). N.C. Gen. Stat. §

35A-1101(7) provides that an “[i]ncompetent adult”

 means an adult or emancipated minor who lacks sufficient
 capacity to manage the adult’s own affairs or to make or
 communicate important decisions concerning the adult’s
 person, family, or property whether the lack of capacity is
 due to mental illness, mental retardation, epilepsy,
 cerebral palsy, autism, inebriety, senility, disease, injury,
 or similar cause or condition.

N.C. Gen. Stat. § 35A-1101(7) (2015).

 Although the trial court found and defendants contend that Alec must have

been adjudicated incompetent pursuant to Chapter 35A of our General Statutes in

order for the statute of limitations to be tolled, we are not persuaded. We find the

language of N.C. Gen. Stat. § 1-17(a) to be clear. If a person meets the statutory

definition of an “incompetent adult” under N.C. Gen. Stat. § 35A-1101(7), the

applicable statute of limitations is tolled until the disability is removed. The General

Assembly made no finding that an adjudication of incompetency under Chapter 35A

was required in order to toll the statute of limitations. If that had been their intent,

they could have easily explicitly stated such. “When the language of the statute is

clear, such as the language in this case, we are required to give the statute its logical

application.” Obsorne by Williams v. Annie Penn Memorial Hosp., Inc., 95 N.C. App.

 -8-
 RAGSDALE V. WHITLEY

 Opinion of the Court

96, 102, 381 S.E.2d 794, 797 (citation omitted), disc. review denied, 325 N.C. 547, 385

S.E.2d 500 (1989).

 Moreover, we find our holding in Fox v. Health Force, Inc., 143 N.C. App. 501,

547 S.E.2d 83, cert. denied, 354 N.C. 216, 553 S.E.2d 912 (2001), to be persuasive. In

Fox, Gail Howard suffered from multiple sclerosis but was a “lively individual, able

to do almost everything except walk and feed herself.” Id. at 502, 547 S.E.2d at 84.

The plaintiff, Gail Howard’s guardian ad litem, alleged that on 20 October 1993, the

defendants’ negligent conduct proximately caused Gail Howard to suffer permanent

brain damage and that Gail Howard had been in a “permanent vegetative state[]”

ever since. Id. The plaintiff filed suit against the defendants and her claims were

dismissed due to various deficiencies in pleading, deficiencies in service and process,

and failure to have a guardian ad litem appointed. Id. at 503-504, 547 S.E.2d at 85-

86. The plaintiff eventually obtained new counsel, Gail Howard was properly

adjudicated legally incompetent, and Gail Howard was appointed a legal guardian

and guardian ad litem. Id. at 504, 547 S.E.2d at 85. The plaintiff filed a Rule 60

Motion for Relief on 8 December 1998, moving for relief from the orders of dismissal

and penalties as to the previously filed complaints, arguing that the orders were

“voidable due to extraordinary circumstances.” Id. The trial court granted the

plaintiff’s Rule 60(b)(6) motion, giving the plaintiff relief from all dismissals, costs,

and fee orders entered in the previous cases. Id. at 504, 547 S.E.2d at 86. The trial

 -9-
 RAGSDALE V. WHITLEY

 Opinion of the Court

court also concluded that Gail Howard’s claims began to run no earlier than

28 September 1998, the date she was adjudicated incompetent and her mother was

appointed as her legal guardian, and the defendants appealed. Id. at 504-505, 547

S.E.2d at 86. On appeal, the defendants argued that the trial court erred by granting

the plaintiff’s Rule 60(b)(6) motion. Id. at 505, 547 S.E.2d at 86. Our Court ruled as

follows:

 Because Gail was not yet adjudicated incompetent,
 although in fact she clearly was, the statute of limitations
 was tolled. N.C. Gen. Stat. § 1-17(a)(3) (2000). Once her
 guardian was appointed to represent her interests, the
 limitation period began to run from the time of the
 appointment. N.C. Gen. Stat. § 97-50 (2000); Jefferys v.
 Tolin, 90 N.C. App. 233, 368 S.E.2d 201 (1988). Thus, the
 trial court correctly designated 28 September 1998 as the
 first day of the limitation period.

Id. at 507, 547 S.E.2d at 87.

 The Court’s holding in Fox stands for the proposition that an adjudication of

incompetency is not required for the tolling of the statute of limitations. As a result,

we find that the trial court erred by determining that an adjudication of incompetency

pursuant to Chapter 35A was required for the statute of limitations to be tolled in the

present case.

 Next, we must determine whether, viewing the evidence in the light most

favorable to plaintiff, there was a genuine issue of material fact as to whether Alec

 - 10 -
 RAGSDALE V. WHITLEY

 Opinion of the Court

had been an incompetent adult since his eighteenth birthday until the date his GAL

was appointed.

 Generally, whether a cause of action is barred by the
 statute of limitations is a mixed question of law and fact.
 However, when the statute of limitations is properly
 pleaded, and the facts with reference to it are not in
 conflict, it becomes a matter of law, and summary
 judgment is appropriate. . . . Once a defendant has
 properly pleaded the statute of limitations, the burden is
 then placed upon the plaintiff to offer a forecast of evidence
 showing that the action was instituted within the
 permissible period after the accrual of the cause of action.

Soderland v. Kuch, 143 N.C. App. 361, 366, 546 S.E.2d 632, 636 (internal citations

and quotation marks omitted), disc. review denied, 353 N.C. 729, 551 S.E.2d 438

(2001).

 Here, defendants contends that the statute of limitations expired either when

Alec turned nineteen years old on 19 January 2015 or absent tolling, at the latest

12 February 2015, three years after the last act of defendants. However, plaintiff

argues that Alec’s disability began at the time of surgery and continued until a GAL

was appointed on 7 December 2015. In support of this issue, plaintiff submitted

seven affidavits from the following: Dr. Ruston Stoltz (“Dr. Stoltz”), a primary care

physician; Dr. Jeffrey Gray (“Dr. Gray”), a neuropsychologist; Kelly Lonnberg, the

GAL’s attorney; Jake Warrum, an attorney; Nancy Edwards, Alec’s schoolteacher;

the GAL; and Alec.

 - 11 -
 RAGSDALE V. WHITLEY

 Opinion of the Court

 Dr. Stoltz stated that as a result of Alec’s stroke and other disabilities, Alec’s

mental and physical status fluctuates, Alec is blind in both eyes, the right side of

Alec’s body has been adversely affected, and Alec has slowed cognition and delayed

concentration. Dr. Stoltz stated that as of November 2015 and the period since that

time, it was his opinion that as a result of his existing disabilities, Alec lacked

“sufficient capacity to manage his own affairs and that he needs the assistance of his

mother and/or others to assist him in managing his business and medical conditions,

and/or to communicate important decisions on his behalf.” Dr. Gray stated that he

had seen Alec on 26 August 2015 and 29 September 2015 and Alec “continued to

present with a pattern of mild neurocognitive compromise[]” and that “[v]erbal

problem solving” was also an issue. The GAL’s attorney stated that after Alec’s brain

surgery and stroke, his “physical limitations were obvious,” he “spoke and moved

slowly and laboriously[,]” he “struggled in many areas[,]” and he had “slowed

cognitive processing . . . mak[ing] it impossible for him to support himself, live

independently or handle his own complicated medical care or his own finances.” Jake

Warrum stated that he was familiar with Alec’s conditions and his point of contact

was always through Alec’s mother. Nancy Edwards stated that Alec needed

“intensive assistance to achieve academic and non-academic tasks[]” and that “his

mental frustration and physical disabilities severely limited his ability[]” to perform

well. Plaintiff stated that Alec’s stroke and surgery debilitated him mentally and

 - 12 -
 RAGSDALE V. WHITLEY

 Opinion of the Court

physically and that he was not capable of handling his own affairs. Finally, Alec

stated in his affidavit that ever since the surgery and stroke, he had difficulty

thinking and focusing, did not trust himself in dealing with business matters, and

did not understand his present legal case.

 Defendants submitted the affidavit of Dr. George Corvin (“Dr. Corvin”), a

general and forensic psychiatrist. Dr. Corvin reviewed Alec’s medical, vocational

rehabilitation, occupational rehabilitation, education, and other personal records, as

well as the deposition transcripts of Alec and his mother, and opined to a reasonable

degree of medical certainty that Alec had “been a competent adult continuously since

his eighteenth (18) birthday on January 19, 2014.” Dr. Corvin also stated that Alec

was “currently a competent adult” and capable of managing his personal affairs and

making decisions about his person, property, and family.

 We believe there is evidence from which a fact finder could determine that Alec

was competent when the statute of limitation expired; however, viewing all the

evidence in the light most favorable to plaintiff, we find that plaintiff has forecasted

sufficient evidence to create a genuine issue of material fact as to whether Alec was

incompetent at the time the statute of limitation expired, tolling the statute. Plaintiff

has presented evidence from which a fact finder could determine that plaintiff’s action

was instituted within the permissible period after the accrual of the cause of action.

Accordingly, there is a genuine issue of material fact and the trial court erred by

 - 13 -
 RAGSDALE V. WHITLEY

 Opinion of the Court

granting summary judgment in favor of defendants. The 16 May 2017 order of the

trial court is reversed and the case remanded for further proceedings.

 REVERSED AND REMANDED.

 Judges STROUD and ZACHARY concur.

 - 14 -