STATE OF NORTH CAROLINA v. VAN HENRY COFFEY
No. 6825SC369

(Filed 20 November 1968)

1. **Bastards § 1— wilful refusal to support illegitimate child — elements of offense**

    For a defendant to be found guilty of the offense of wilfully refusing to support his illegitimate child, it must be established that (1) the defendant is a parent of the illegitimate child in question and (2) the defendant has wilfully neglected or refused to support and maintain such illegitimate child. G.S. 49-2 *et seq.*

2. **Bastards § 3— nonsupport prosecution — statutory limitations**

    In a prosecution under G.S. 49-2, if the defendant is the reputed father, it must be shown that the prosecution has been instituted within one of the time periods provided in G.S. 49-4.

3. **Bastards § 1— wilful failure to support illegitimate child — the offense**

    The mere begetting of a child is not a crime; the crime is the wilful neglect or refusal of a parent to support his or her illegitimate child. G.S. 49-2.

4. **Bastards § 9; Criminal Law § 18— appeal from adverse finding of paternity — effect of G.S. 7A-288**

    The proviso in G.S. 49-7, which gives a defendant in a prosecution for nonsupport of his illegitimate child the right of appeal from a finding establishing his paternity of the child notwithstanding the verdict finds

him not guilty of the offense, was not repealed either expressly or by implication by enactment of G.S. 7A-288.

**5. Bastards § 9—** appeal from adverse finding of paternity — jurisdiction of Superior Court

In a prosecution for nonsupport of an illegitimate child, defendant's appeal from the District Court upon an adverse finding on the issue of paternity entitles him to have this issue determined by trial *de novo* in the Superior Court, but it is error for Superior Court to submit to the jury the issue of defendant's wilful refusal to support his illegitimate child when the issue has already been determined in defendant's favor in this prosecution by the District Court. G.S. 49-7.

**6. Bastards § 9—** wilful nonsupport prosecution — res judicata on issue of paternity — new warrant for nonsupport

In a prosecution for the wilful nonsupport of an illegitimate child, the issue of paternity was decided adversely to the defendant but the issue of defendant's wilful refusal to furnish support was decided in his favor. *Held:* Defendant may not re-litigate the issue of paternity; since the offense of nonsupport under G.S. 49-2 is a continuing one, defendant may be charged under a new warrant with nonsupport if such has occurred after issuance of the warrant on which he has been tried.

APPEAL by defendant from *Beal, S.J.,* May 1968 Session of CALDWELL Superior Court.

Defendant was tried in the district court on a warrant charging him with willfully refusing to support his illegitimate child, a violation of G.S. 49-2. He pleaded not guilty. After hearing, the district judge found as a fact that defendant was the father of the child in question but found that no demand for support of the child had been made on the defendant by the mother since the child's birth and accordingly found defendant not guilty. Defendant appealed to the superior court where he was tried *de novo* by judge and jury. The State offered evidence bearing upon defendant's paternity of the child in question and upon his willful refusal to support, and the case was submitted to the jury upon both questions. The jury answered all issues against the defendant and the court entered judgment sentencing defendant to six months in jail suspended upon condition that defendant make stated payments for support of the child. Defendant appealed.

*Attorney General T. W. Bruton and Staff Attorney (Mrs.) Christine Y. Denson for the State.*

*Ted S. Douglas for defendant appellant.*

PARKER, J.

[1, 2] For a defendant to be found guilty of the criminal offense created by G.S. 49-2, two facts must be established: First, that the

defendant is a parent of the illegitimate child in question, who must be a person coming within the definition of a child as set forth in that section; and second, that the defendant has willfully neglected or refused to support and maintain such illegitimate child. In addition, if the defendant is the reputed father, it must be shown that the prosecution has been instituted within one of the time periods provided in G.S. 49-4. In prosecutions under G.S. 49-2 et seq. the court is expressly commanded first to determine the paternity of the child, and "(a)fter this matter has been determined in the affirmative, the court shall proceed to determine the issue as to whether or not the defendant has neglected or refused to support and maintain the child who is the subject of the proceeding." G.S. 49-7.

[3]    In the present case the judge of the district court found the issue of paternity against the defendant but found that no demand for support had been made upon defendant after the child's birth. In accordance with these findings the district court properly found defendant not guilty of willful failure to support his illegitimate child. Under G.S. 49-2 the mere begetting of the child is not a crime. The crime recognized by that statute is the willful neglect or refusal of a parent to support his or her illegitimate child. "The question of paternity is incidental to the prosecution for the crime of nonsupport — a preliminary requisite to conviction." State v. Ellis, 262 N.C. 446, 137 S.E. 2d 840; State v. Robinson, 245 N.C. 10, 95 S.E. 2d 126.

[4]    G.S. 7A-288 provides that "(a)ny defendant convicted in district court before the judge may appeal to the superior court for trial de novo." Here, it is true the defendant was not convicted of any crime in the district court. Nevertheless he had a right to appeal to the superior court from the adverse finding of the district court on the issue of paternity. G.S. 49-7 expressly provides "that from a finding of the issue of paternity against the defendant, the defendant shall have *the same right to an appeal as though he had been found guilty* of the crime of willful failure to support a bastard child." (Emphasis added.) This proviso in G.S. 49-7 was not repealed either expressly or by implication by enactment of G.S. 7A-288. The two statutes, when properly construed together, are not inconsistent, and the decision in State v. Clement, 230 N.C. 614, 54 S.E. 2d 919, recognizing the validity of the above-quoted proviso to G.S. 49-7, is still controlling. Therefore, there can be no question but that upon defendant's appeal from the district court, the superior court acquired jurisdiction to inquire into the issue of paternity and the defendant had the right to have this issue determined by trial de novo before judge and jury.

**[5]** Defendant's appeal did not, however, bring before the superior court for trial *de novo* the issue of defendant's willful neglect or refusal to furnish support. That issue, insofar as the present prosecution is concerned, had already been determined in defendant's favor by the district court. From this determination the State had no right to appeal, and the defendant, by appealing the finding adverse to him on the issue of paternity, did not lose the benefit of the finding in his favor on the issue of nonsupport. It was, therefore, error for the superior court to submit the question of defendant's willful refusal to support his illegitimate child to the jury.

**[6]** The issue of paternity has been established by the present case adversely to defendant and cannot be re-litigated by him. *State v. Ellis, supra.* Since the offense of nonsupport under G.S. 49-2 is a continuing one, a new warrant may be filed charging defendant with nonsupport, if such has occurred after the issuance of the warrant on which he has been tried. *State v. Johnson,* 212 N.C. 566, 194 S.E. 319.

Reversed.

Brock and Britt, JJ., concur.