STATE OF NORTH CAROLINA v. JAMES EDWARD GREEN

No. 7017SC197

(Filed 27 May 1970)

1. **Constitutional Law § 32; Bastards § 1— willful failure to support illegitimate child — right to counsel**

   The offense of willful failure to support an illegitimate child is not a serious misdemeanor requiring the appointment of counsel or an intelligent waiver thereof. U. S. Constitution, Amendments VI and XIV; G.S. 49-2; G.S. 49-8.

2. **Bastards § 1; Constitutional Law § 32; Criminal Law § 142— willful failure to support illegitimate child — right to counsel — support payments — fines**

   In a prosecution for willful failure to support an illegitimate child, the support payments that a convicted defendant must pay to his illegitimate children as a condition of his probation are not in the nature of a fine and are therefore not determinative on the question of defendant's right to counsel under the U. S. Constitution.

APPEAL from *Godwin, S.J.,* November 1969 Session, ROCKINGHAM Superior Court.

The defendant, James Edward Green, was arrested on a warrant in which he was charged with willful failure to support his two minor illegitimate children. Trial was held on 7 November 1966 in the Reidsville Recorder's Court and the defendant pleaded "not guilty". The defendant was convicted of violating G.S. 49-2 in that he did willfully refuse to support and maintain his two minor illegitimate children. Judgment entered by the court provided a sentence of six months suspended for two years on good behavior of the defendant, on payment of costs, and on the further condition that the defendant pay into the court on or before 12 November 1966 the sum of $10.00 for the support of his two illegitimate children and $10.00 per week thereafter.

On 29 November 1967 the defendant was again brought before the Reidsville Recorder's Court where it was found that he had failed to make support payments as ordered. He was given a prison sentence of eighteen months which was suspended upon certain conditions. On 9 January 1969 the court, having found that the defendant had failed to make support payments as previously ordered, invoked the sentence imposed on 29 November 1967 of eighteen months' imprisonment. The defendant appealed to the Superior Court of Rockingham County from the invocation of the suspended sentence. Judge Godwin at the 3 November 1969 session of Superior Court of Rockingham County held that the sentence of eighteen months was invalid and remanded the case to the Reidsville Recorder's Court.

On 3 April 1969 the defendant filed an application for a Writ of Error Coram Nobis in the Superior Court of Rockingham County. The defendant's application was heard at the 3 November 1969 Session of Superior Court, and on 5 November 1969 the court made the following findings of fact and order:

> "And the court finds the following facts from evidence considered during the consideration of the defendant's aforesaid petition, viz:

> "1. That the defendant was brought to trial in the Reidsville Recorder's Court in Rockingham County, North Carolina, on November 7, 1966, on a warrant issued on October 29, 1966, which charged the defendant with failure to adequately support, '. . . his illegitimate children . . .,' who were alleged to have been born on April 10, 1952, and September 28, 1966, respectively, in violation of General Statute 49-2.

> "2. That the defendant entered a plea of not guilty to the charge against him.

"3.   That upon his aforesaid trial a verdict of guilty was returned against the defendant.

"4.   That the court entered judgment confining the defendant in the Rockingham County jail for a term of 6 months, and suspended the execution of the jail term upon the conditions that the defendant pay the cost of court and thereafter make certain periodic payments for the benefit of the children named in the warrant.

"5.   That the maximum punishment provided by law under General Statutes 49-2 was, on the 7th day of November, 1966, a jail sentence of six months.

"6.   That General Statutes 49-2 did not, on November 7, 1966, define a serious misdemeanor.

"The court makes the following conclusions of law:

"1.   That the defendant was not entitled as a matter of right to be furnished legal counsel by the court upon his aforesaid trial.

"IT IS THEREFORE ORDERED AND DECREED that the application of the defendant, James Edward Green, for writ of error coram nobis be, and the same is hereby denied.

"This the 5th day of November, 1969.

"/s/ A. Pilston Godwin, Jr.
Judge Presiding"

From the entry of the order denying the defendant's application for writ of error coram nobis the defendant appealed to the Court of Appeals.

*Robert Morgan, Attorney General, Jean A. Benoy, Deputy Attorney General, and Maurice W. Horne, Special Assistant, for the State.*

*Alston, Pell, Pell and Weston, by E. L. Alston, Jr., for defendant appellant.*

HEDRICK, J.

[1]   The only question to be considered on this appeal is whether a charge of willful failure to support illegitimate children is a "serious misdemeanor" requiring the appointment of counsel or an intelligent waiver thereof under the Sixth and Fourteenth Amendments to the United States Constitution. We think not.

Under the provisions of G.S. 49-2 the State must establish two facts in order for the defendant to be found guilty: (1) That the defendant is the parent of the illegitimate child in question and (2) that the defendant has willfully neglected or refused to support and maintain such illegitimate child. *State v. Coffey,* 3 N.C. App. 133, 164 S.E. 2d 39 (1968). The primary purpose of prosecution under the provisions of G.S. 49-2 is to insure that the parent does not willfully neglect or refuse to support his or her illegitimate child. *State v. Ellis,* 262 N.C. 446, 137 S.E. 2d 840 (1964). "The mere begetting of the child is not a crime. The question of paternity is incidental to the prosecution for the crime of nonsupport — a preliminary requisite to conviction." *State v. Ellis, supra.* The law in North Carolina further provides that once the question of paternity has been determined, the accused is not entitled to have the question of paternity re-litigated upon a subsequent prosecution for later willful neglect or refusal to support his illegitimate children. *State v. Ellis, supra.*

In order to determine whether the accused parent is entitled to the appointment of counsel, we must look to the provisions of the statute which imposes the punishment upon a parent for willful neglect or refusal to support his or her children. G.S. 49-8, in pertinent part, is as follows:

> "Upon the determination of the issues set out in the foregoing section [§ 49-7] and for the purpose of enforcing the payment of the sum fixed, the court is hereby given discretion, having regard for the circumstances of the case and the financial ability and earning capacity of the defendant and his or her willingness to cooperate, to make an order or orders upon the defendant and to modify such order or orders from time to time as the circumstances of the case may in the judgment of the court require. The order or orders made in this regard may include any or all of the following alternatives:
>
> "(1)  Commit the defendant to prison for a term not to exceed six months;
>
> "(2)  Suspend sentence and continue the case from term to term;
>
> "(3)  Release the defendant from custody on probation conditioned upon the defendant's compliance with the terms of the probation and the payment of the sum fixed for the support and maintenance of the child; . . . ."

This statute establishes as the maximum punishment a prison

term of not more than six months. The question then becomes whether the defendant was denied a fundamental guarantee under the Constitution when the court failed to appoint counsel to represent him at his trial on 7 November 1966 in the Reidsville Recorder's Court. The North Carolina Supreme Court has recently considered the question of when a misdemeanor becomes "serious" and requires the appointment of counsel to indigent defendants. In *State v. Morris*, 275 N.C. 50, 165 S.E. 2d 245 (1969), the Court stated:

> "Although the United States Supreme Court has not stated precisely where the line falls between crimes and punishments that are 'petty' and those that are 'serious,' *Cheff* makes it clear that a six months' sentence is short enough to be petty while *Duncan* and *Bloom* make it equally clear that a crime punishable by two years in prison is a serious offense. In the federal system petty offenses are defined by statute as those punishable by not more than six months in prison and a $500 fine. 18 U.S.C. § 1. Hence, any federal crime the authorized punishment for which exceeds six months in prison and a $500 fine is a serious offense which entitles the offender to trial by jury under Article III, Sec. 2, of the Federal Constitution and under the Sixth Amendment . . . A serious offense is one for which the authorized punishment exceeds six months' imprisonment and a $500 fine. The cases of *State v. Hayes, supra* (261 N.C. 648, 135 S.E. 2d 653 (1964)), and *State v. Sherron, supra* (268 N.C. 694, 151 S.E. 2d 599 (1966)), are no longer authoritative."

**[1, 2]**    The record on appeal in the present case shows that there has been an adjudication by the lower court that the defendant is the father of these illegitimate children. The record also shows that the defendant on several occasions has been ordered to pay child support for these children and that he has repeatedly neglected and refused to make the payments ordered. The maximum possible sentence under the terms of G.S. 49-8(1) is six months' imprisonment. No fine is authorized and none is levied against the defendant. The support payments ordered by the court are to be paid for the support of the defendant's minor children and are not in the nature of a fine. Since the punishment authorized by G.S. 49-8(1) is not in excess of six months' imprisonment, the offense involved in the present case is not a serious offense requiring the appointment of counsel.

The order of the court below denying the defendant's application for a writ of error coram nobis is affirmed.

Affirmed.

BROCK and BRITT, JJ., concur.