BEAUFORT COUNTY, BY AND THROUGH ITS CHILD SUPPORT ENFORCE-
MENT AGENCY, EX REL. MARGARET KING v. WILLIAM E. HOPKINS

No. 822DC608

(Filed 17 May 1983)

**Parent and Child § 7— voluntary child support agreement—no relitigation of pater-
nity issue**

 A voluntary child support agreement could not be modified or vacated on
the basis of relitigation of the paternity issue in a proceeding related solely to
the support agreement which, by virtue of the court's approval, had the effect
of an order for support. G.S. 110-132(b). G.S. 1A-1, Rule 60(b)(6).

APPEAL by plaintiff from *Ward, Judge.* Order entered 17
November 1981 in District Court, BEAUFORT County. Heard in the
Court of Appeals 21 April 1983.

Plaintiff appeals from an order, pursuant to G.S. 1A-1, Rule
60(b)(6), vacating a voluntary support agreement and striking an
order for payment of child support arrearages.

*Rodman, Rodman, Holscher & Francisco, by Christopher B.
McLendon, for plaintiff appellant.*

*No brief filed for defendant appellee.*

WHICHARD, Judge.

I.

On 8 August 1978 Margaret L. King executed a sworn affir-
mation of paternity which stated that she was the mother and
defendant was the father of a minor child. On the same date
defendant executed a sworn acknowledgment of paternity declar-
ing that he was in fact the father of the child. On the basis of
these documents the trial court entered an Order of Paternity,
which had the force and effect of a judgment. G.S. 110-132(a)
(Cum. Supp. 1981).

On 12 September 1978 defendant executed a sworn voluntary
support agreement consenting to pay support for the child. On 19
September 1978 the court entered an order, which had the force
and effect of a court order of support, approving this agreement.
G.S. 110-133 (Cum. Supp. 1981).

Defendant made some payments, but failed to make others. The court issued several show cause and contempt orders.

On 28 September 1981, through counsel, defendant filed a motion "pursuant to Rule 60(b)(2), (3) and (6)" seeking relief from the voluntary support agreement. At a hearing on the motion both defendant and the mother testified that defendant was not the child's father. Defendant testified, in pertinent part, as follows:

> I have never had sexual intercourse with [the mother] and am not the father of her child . . . . The only reason I signed an Acknowledgment of Paternity and Voluntary Support Agreement was because I was forced to do so by an employee of the Beaufort County Department of Social Services. He told me I had to sign the papers.

The mother testified: "I signed an Affirmation of Paternity on August 8, 1978 saying that [defendant] was the father of my child . . ., but I was wrong. No, he is not the father . . . . At one time I thought maybe he was the father, but he's not."

The court found as a fact that defendant was not the father of the child. Pursuant to G.S. 1A-1, Rule 60(b)(6), it vacated the voluntary support agreement and struck an order for payment of child support arrearages.

Plaintiff appeals.

II.

The voluntary support agreement indicates that the child is receiving public assistance. Plaintiff-county thus had an interest in the support order, and had standing to resist defendant's motion. *See Cox v. Cox,* 44 N.C. App. 339, 260 S.E. 2d 812 (1979).

III.

The order appealed from was grounded upon a finding of fact that defendant was not the father of the child. It thus appears entered under a misapprehension of the applicable law.

G.S. 110-132(b) (Cum. Supp. 1981), which relates to child support orders such as the one here, in pertinent part provides: "The prior judgment as to paternity shall be res judicata as to that issue *and shall not be reconsidered by the court."* (Emphasis supplied.) *See also Tidwell v. Booker,* 290 N.C. 98, 107, 225 S.E. 2d

816, 822 (1976); *State v. Ellis*, 262 N.C. 446, 449, 137 S.E. 2d 840, 843 (1964); *State v. Green*, 8 N.C. App. 234, 237, 174 S.E. 2d 8, 10, *aff'd*, 277 N.C. 188, 176 S.E. 2d 756 (1970); *State v. Coffey*, 3 N.C. App. 133, 136, 164 S.E. 2d 39, 41-42 (1968).

Defendant's motion related solely to the support agreement which, by virtue of the court's approval, had the effect of an order for support. It did not seek relief from the acknowledgment of paternity which, by virtue of the court's approval, had the effect of a judgment. G.S. 110-132(b) (Cum. Supp. 1981) expressly prohibited relitigation of the paternity issue in a proceeding related solely to the order for support.

IV.

The voluntary support agreement may, upon motion and a showing of changed circumstances, be modified or vacated at any time. G.S. 50-13.7, 110-133 (Cum. Supp. 1981). It cannot, however, be modified or vacated on the basis of relitigation, in a proceeding related solely to the order for support, of the paternity issue. That issue is *res judicata* and "shall not be reconsidered by the court" in such a proceeding.

V.

The order is thus vacated. The cause is remanded for such further proceedings, consistent with this opinion, as the parties may desire.

Vacated and remanded.

Judges WEBB and BRASWELL concur.