GLADYS LEACH AND PRISCILLA LEACH, PLAINTIFFS v. FRANK ALFORD, DEFENDANT

No. 8216DC665

(Filed 5 July 1983)

**Bastards § 9.1— judgment of paternity — subsequent revelation that not father — no res judicata**

The G.S. 110-132(b) provision that the "judgment as to paternity shall be *res judicata* as to that issue and shall not be reconsidered by the court" ap-

plies to child support proceedings thereunder, and does not establish an ab-
solute bar to relief, pursuant to G.S. 1A-1, Rule 60(b)(6), from the underlying
acknowledgment (judgment) of paternity.

APPEAL by defendant from *Gardner, Judge.* Order entered 28
May 1982 in District Court, ROBESON County. Heard in the Court
of Appeals 10 May 1983.

Defendant appeals from an order in effect denying his mo-
tion, pursuant to G.S. 1A-1, Rule 60(b)(6) (1969), for relief from an
acknowledgment of paternity, which had been approved by a dis-
trict court judge and thus, by virtue of G.S. 110-132(a) (Cum.
Supp. 1981), had "the same force and effect as a judgment."

*McLean, Stacy, Henry & McLean, P.A., by William S. Mc-
Lean, for plaintiff appellees.*

*Lumbee River Legal Services, Inc., by T. Diane Phillips, for
defendant appellant.*

WHICHARD, Judge.

I.

The issue is whether, as a matter of law, the G.S. 110-132(b)
(Cum. Supp. 1981) provision that in a child support proceeding
thereunder "[t]he prior judgment as to paternity shall be res
judicata as to that issue and shall not be reconsidered by the
court," establishes an absolute bar to relief pursuant to G.S. 1A-1,
Rule 60(b)(6), from an acknowlegment of paternity which, by vir-
tue of G.S. 110-132(a), has the force and effect of a judgment.

We hold that it does not.

II.

On 13 December 1978 plaintiff Priscilla Leach (hereafter
plaintiff) executed a sworn affirmation of paternity which stated
that she was the mother and defendant was the father of a minor
child. On 16 March 1979 defendant executed a sworn acknowledg-
ment of paternity declaring that he was in fact the father of the
child. On the basis of these documents the trial court entered an
Order of Paternity, which has the force and effect of a judgment.
G.S. 110-132(a) (Cumm. Supp. 1981).

On 16 March 1979 defendant also executed a sworn voluntary support agreement in which he consented to pay support for the child. On the same date the court entered an order which, by virtue of G.S. 110-133 (Cum. Supp. 1981), had the force and effect of a court order of support, approving this agreement.

On 30 March 1982 defendant filed a verified motion in the cause, pursuant to G.S. 1A-1, Rule 60, seeking relief from the judgment of paternity. He alleged the following:

Several months after entry of the judgment the child became seriously ill and was subsequently tested for sickle cell disease. He and plaintiff were also tested to determine whether they had the disease. His tests results were negative, indicating that he had neither sickle cell trait nor sickle cell disease. Plaintiff's tests were positive, indicating that she has either sickle cell trait or sickle cell disease. He believed the child's tests were positive, and that she has sickle cell disease.

For a child to have sickle cell disease, both natural parents must have the sickle cell trait. Since the child has the disease, and the defendant has neither the disease nor the trait, he cannot be the father of the child.

Defendant also filed a verified motion requesting that the court order the Robeson County Health Department to produce a copy of the test results on plaintiff and the child; or, alternatively, that the court order him, plaintiff, and the child to submit to a blood examination. He filed a third verified motion requesting that the court order him, plaintiff, and the child to submit to a sickle cell test to be conducted by a named physician at Duke Medical Center.

On 29 April 1982 plaintiff replied to the motion in which defendant sought relief from the judgment. She alleged her execution of the affirmation of paternity, defendant's execution of the acknowledgment of paternity, and the court's approval of these documents, which, by virtue of G.S. 110-132(a), gave them "the same force and effect as a judgment of that court." She then stated that G.S. 110-132(b) further provides that "[t]he prior judgment as to paternity shall be res judicata as to that issue and shall not be reconsidered by the court." On the basis of these allegations she asserted conclusively "[t]hat the relief requested

by [defendant] is unavailable in that the judgment of paternity is res judicata."

On 28 May 1982 the court entered an order denying the motion that plaintiff, defendant, and the child be directed to submit to a sickle cell test. The pertinent portions of the order are as follows:

It . . . appearing that [G.S.] 110-132(a) provides that [the] approval and order of paternity shall have the same force and effect as a judgment and;

It . . . appearing that [G.S.] 110-132(b) provides that a judgment of paternity shall be res judicata as to that issue and shall not be reconsidered by the court and;

It . . . appearing that the relief requested by the defendant would involve a reconsideration by the court of the issue of paternity and that the acknowledgment, affirmation and order of paternity is res judicata as to paternity . . .;

. . .;

Now, therefore, it is ordered that the relief requested by defendant be and it is hereby denied for the reason that the issue of paternity is res judicata and may not be reconsidered by this Court . . . .

From this order, defendant appeals.

### III.

The purpose of the motion which the court denied is to produce evidence in support of the motion in which defendant seeks relief from the acknowledgment (judgment) of paternity. The motion denied is thus a subsidiary motion, and the court has yet to rule upon the main motion.

An appeal from denial of a subsidiary motion, while the main motion is pending, would ordinarily be dismissed as interlocutory. Here, however, the court expressly denied the subsidiary motion on the basis that it did not have authority to grant the relief sought in the main motion. The ruling was therefore equivalent to a denial of the main motion. The order thus "in effect determines the action," and is therefore immediately appealable. G.S. 1-277(a) (1969).

IV.

This Court recently held, in a case similar but distinguishable, that G.S. 110-132(b) prohibits relitigation of the paternity issue in passing on a motion pursuant to G.S. 1A-1, Rule 60(b)(6), seeking relief from a voluntary support agreement. *Beaufort County ex rel. King v. Hopkins,* 62 N.C. App. 321, 302 S.E. 2d 662 (1983). That decision was expressly grounded, however, on the fact that relief was sought from the support agreement (in effect an order, G.S. 110-133 (Cum. Supp. 1981)), not from the underlying acknowledgment (in effect a judgment, G.S. 110-132(a) (Cum. Supp. 1981)) of paternity. The Court stated:

> Defendant's motion related solely to the support agreement which, by virtue of the court's approval, had the effect of an order for support. It did not seek relief from the acknowledgment of paternity which, by virtue of the court's approval, had the effect of a judgment. G.S. 110-132(b) (Cum. Supp. 1981) expressly prohibited relitigation of the paternity issue *in a proceeding related solely to the order for support.*

62 N.C. App. at 323, 302 S.E. 2d at 663 (emphasis supplied). It further stated:

> The voluntary support agreement may, upon motion and a showing of changed circumstances, be modified or vacated at any time. G.S. 50-13.7, 110-133 (Cum. Supp. 1981). It cannot, however, be modified or vacated on the basis of relitigation, *in a proceeding related solely to the order for support,* of the paternity issue. That issue is *res judicata* and "shall not be reconsidered by the court" *in such a proceeding.*

*Id.* (emphasis supplied).

*Durham County v. Riggsbee,* 56 N.C. App. 744, 289 S.E. 2d 579 (1982), is also distinguishable. Defendant there responded to a motion seeking garnishment of his wages to enforce a child support order by filing a motion, pursuant to G.S. 1A-1, Rule 35(a) (Cum. Supp. 1981), for a tissue typing test. He thus, like the defendant in *Beaufort County,* attempted to attack a paternity judgment in the course of a subsequent proceeding related solely to support; and he, too, was barred by the established rule that judgments of paternity are res judicata in support proceedings. *See, e.g., Tidwell v. Booker,* 290 N.C. 98, 107, 225 S.E. 2d 816, 822

(1976); *State v. Ellis*, 262 N.C. 446, 449, 137 S.E. 2d 840, 843 (1964); *State v. Green*, 8 N.C. App. 234, 237, 174 S.E. 2d 8, 10, *aff'd*, 277 N.C. 188, 176 S.E. 2d 756 (1970); *State v. Coffey*, 3 N.C. App. 133, 136, 164 S.E. 2d 39, 41-42 (1968).

## V.

Defendant here, unlike the defendants in those cases, expressly seeks relief from the underlying acknowledgment (judgment) of paternity, not merely from an agreement or order for support. A different issue is thus presented, which we believe requires a different answer.

The provision that the "judgment as to paternity shall be res judicata as to that issue and shall not be reconsidered by the court" appears in G.S. 110-132(b), which relates solely to proceedings for support of the child who is the subject of the acknowledgment (judgment) of paternity. No such directive appears in G.S. 110-132(a), which relates, *inter alia*, to the initial determination of paternity.

The purpose of a child support proceeding is to determine the nature and extent of the support required. The initial determination is subject to modification or vacation at any time upon motion and a showing of changed circumstances. G.S. 50-13.7(a), 110-133 (Cum. Supp. 1981). The support issue thus may be before the court on numerous occasions during a child's minority.

The apparent legislative purpose in enactment of the "shall be res judicata . . . and shall not be reconsidered" provision in the portion of the statute relating solely to support proceedings was to avert costly consumption of the finite time resources of the trial courts by relitigation, in proceedings relating solely to support, of the underlying paternity issue. The absence of such a provision from the portion of the statute relating to the paternity issue itself (G.S. 110-132(a)), together with the manifest potential for substantial injustice which would result from inability, regardless of the circumstances, to obtain relief from an acknowledgment (judgment) of paternity, persuade us that the General Assembly did not intend to render court approved acknowledgments of paternity a unique category of judgments, peculiarly immune from the "grand reservoir of equitable power to do justice in a particular case" provided by G.S. 1A-1, Rule 60(b)(6).

*See Baylor v. Brown,* 46 N.C. App. 664, 670, 266 S.E. 2d 9, 13 (1980). If such were the case, relief would not be possible, for example, even from an acknowledgment (judgment) entered under extreme duress, such as a threat of death issued with the apparent means and intent to effectuate it.

Judgments of paternity clearly impact heavily on the property interests, liberty interests, and family relationships of the purported father. If the General Assembly intends that such judgments, once entered, are unalterable, regardless of the circumstances, it should expressly so state. We are unwilling, by judicial fiat in the process of statutory interpretation, to impose a rule so inflexible and with such potential for manifestly unjust results.

In further support of our decision, we note that acknowledgments (judgments) of paternity are obtained by the same procedure as are ordinary consent judgments; and that consent judgments may be set aside for fraud, mutual mistake, or lack of consent. *E.g., Becker v. Becker,* 262 N.C. 685, 690, 138 S.E. 2d 507, 511 (1964); *Ledford v. Ledford,* 229 N.C. 373, 375-76, 49 S.E. 2d 794, 796 (1948); *King v. King,* 225 N.C. 639, 35 S.E. 2d 893 (1945); *State Board of Registration v. Testing Laboratories, Inc.,* 52 N.C. App. 344, 347-48, 278 S.E. 2d 564, 565-66 (1981); *Hazard v. Hazard,* 35 N.C. App. 668, 242 S.E. 2d 196 (1978); Annot., 139 A.L.R. 421, 422 (1942). The alleged ground for the relief sought here is mutual mistake as to the fact of paternity.

## VI.

We thus hold that the G.S. 110-132(b) provision that the "judgment as to paternity shall be res judicata as to that issue and shall not be reconsidered by the court" applies to child support proceedings thereunder, and does not establish an absolute bar to relief, pursuant to G.S. 1A-1, Rule 60(b)(6), from the underlying acknowledgment (judgment) of paternity. Because the trial court expressly grounded its denial of the motion in question on the misapprehension that it lacked authority to grant the ultimate relief requested, the order denying the motion is vacated, and the cause is remanded for further proceedings consistent with this opinion.

We expressly do not decide the merits of defendant's motions or of the constitutional issues argued in his brief. The trial court has not ruled on these matters, and they thus are not before us.

"Courts have the power to vacate judgments when such action is appropriate, yet they should not do so under Rule 60(b)(6) except in extraordinary circumstances and after a showing that justice demands it." *Equipment Co. v. Albertson*, 35 N.C. App. 144, 147, 240 S.E. 2d 499, 501 (1978). We hold only that defendant is entitled to his day in court for the purpose of attempting to show that the requisite extraordinary circumstances exist, and that justice demands relief from the acknowledgment (judgment) of paternity. We direct only that the trial court rule on his subsidiary motions, and ultimately his main motion, in light of this holding.

Vacated and remanded.

Judges WEBB and BRASWELL concur.