STATE OF NORTH CAROLINA, ON BEHALF OF TINA ROCHELLE BRIGHT, PLAINTIFF V. BRIAN JAMES FLASKRUD, DEFENDANT

No. COA01-305

(Filed 19 February 2002)

**Paternity— acknowledgment—subsequent motion for DNA testing—Rule 60 motion required**

The trial court erred by granting a motion to compel DNA testing to determine paternity where the father executed an acknowledgment of paternity, subsequently filed a Rule 60(b) motion attacking the acknowledgment and moved for DNA testing, and the court granted the motion for testing without ruling on the Rule 60(b) motion. Granting the Rule 60(b) motion would set aside the acknowledgment of paternity and reopen the issue, but without that ruling the prior orders remain in effect and defendant is barred by res judicata.

Appeal by the State from an order entered 15 December 2000 by Judge Joseph Williams in Richmond County District Court. Heard in the Court of Appeals 9 January 2002.

STATE OF N.C. EX REL. BRIGHT v. FLASKRUD

[148 N.C. App. 710 (2002)]

*Attorney General Roy Cooper, by Special Deputy Attorney General Gerald K. Robbins, for the State.*

*Melanie Wade Goodwin for defendant-appellee.*

WALKER, Judge.

On 25 September 1995, Brian James Flaskrud (the child) was born out of wedlock to Tina Rochelle Bright. Ms. Bright had been in an ongoing sexual relationship with the defendant prior to the birth of the child. At the time of the birth, she informed the defendant that he was the father.

On 6 November 1995, Ms. Bright executed a Mother's Affirmation of Paternity (AOC Form CV-605) certifying that she was the natural mother of the child and that defendant was the natural father. On 27 November 1995, defendant executed a Father's Acknowledgment of Paternity (AOC Form CV-604) certifying that he was the natural father of the child. On 19 December 1995, the district court entered an order of paternity which listed defendant as the natural father. On that same date, a Voluntary Support Agreement and Order was entered by the trial court in which the defendant agreed to contribute to the support of the child and provide health insurance for him. Thereafter, defendant provided health insurance and regularly sent payments to Ms. Bright for support of the child.

In July of 1996, defendant was informed that Ms. Bright was telling others that he was not the father. According to the defendant, he came to this State and confronted Ms. Bright, who admitted that defendant was not the father of the child. Ms. Bright and the defendant then met with Barbara Mathews, a representative of the Richmond County IV-D Child Support Enforcement Agency, who informed them that the Agency could not get the acknowledgment of paternity and consent support order set aside. Defendant asserts that he erroneously believed, based on that conversation, that he could not get these orders set aside. Thereafter, defendant did not provide any support or health insurance coverage for the child.

After Ms. Bright initiated actions to require defendant to support the child, defendant filed a motion, pursuant to N.C. Gen. Stat. § 1A-1, Rule 60(b) (1999), asking the trial court to set aside the order of paternity and the voluntary consent to support order. He also moved the court for an order compelling DNA testing to determine

STATE OF N.C. ex rel. BRIGHT v. FLASKRUD

[148 N.C. App. 710 (2002)]

paternity. The State, on behalf of Ms. Bright, then filed a motion to modify the existing consent support order to require the defendant to pay child support in the future.

After a hearing, the trial court made findings and conclusions before ordering the parties and the child to submit to DNA testing to determine paternity. The trial court declined to rule on the Rule 60(b) motion and on Ms. Bright's motion for future child support.

In this appeal, Ms. Bright challenges the granting of the motion compelling DNA testing contending that paternity was established in 1995. This Court has held that it is proper for a party to attack an acknowledgment of paternity or an order of paternity by a Rule 60(b) motion. *Leach v. Alford,* 63 N.C. App. 118, 304 S.E.2d 265 (1983). The granting of a Rule 60(b) motion would set aside the acknowledgment of paternity and order of support and would reopen the issue of paternity. However, without such a Rule 60(b) motion ruling, these orders remain in effect.

N.C. Gen. Stat. § 8-50.1(b1) requires the trial court to grant a motion for blood tests in "any civil action in which the question of parentage arises." However, where *res judicata* prevents a defendant from challenging paternity, there is no action "in which the question of parentage arises" and it is error to compel blood testing. *Williams v. Holland,* 39 N.C. App. 141, 143, 249 S.E.2d 821, 823 (1978). A party is barred under the doctrine of *res judicata* from contesting paternity when there is an acknowledgment of paternity or an order of paternity in effect and binding on him. *Ambrose v. Ambrose,* 140 N.C. App. 545, 536 S.E.2d 855 (2000); *State ex rel. Hill v. Manning,* 110 N.C. App. 770, 431 S.E.2d 207 (1993); *Dorton v. Dorton,* 69 N.C. App. 764, 318 S.E.2d 344, *review denied,* 312 N.C. 621, 323 S.E.2d 922 (1984); *Williams, supra.*

In the present case, the trial court allowed defendant's motion for DNA testing without addressing his Rule 60(b) motion. As this Court held in *Leach,* "defendant is entitled to his day in court" to show whether any grounds exist under Rule 60(b) to set aside the acknowledgment of paternity and voluntary child support order by which he might otherwise be estopped from re-litigating the issue of paternity. *Leach,* 63 N.C. App. at 125, 304 S.E.2d at 269. However, until the trial court addresses the defendant's Rule 60(b) motion, it is error for the trial court to grant his motion to compel DNA testing.

Reversed and remanded.

Judges McGEE and BIGGS concur.