STATE of NORTH CAROLINA by and through the RICHMOND COUNTY CHILD SUP-
PORT AGENCY Ex. Rel TRACY DAVIS, Plaintiff-Appellee v. DON ADAMS,
Defendant-Appellant

No. COA01-1500

(Filed 15 October 2002)

**1. Civil Procedure— motion in the cause to void paternity—
treated as Rule 60 motion**

The trial court correctly considered defendant's motion to
void his acknowledgment of paternity and voluntary support
agreement as a motion pursuant to N.C.G.S. § 1A-1, Rule 60
after DNA testing excluded defendant as the father. Defend-
ant's motion was a challenge in the same action, not an inde-
pendent motion, and, although defendant now contends that he
was seeking relief pursuant to N.C.G.S. § 110-132(a), he did not
refer to any statute in his motion and did not cite any case in
which paternity was challenged in a motion pursuant to N.C.G.S.
§ 110-132(a).

**2. Paternity— motion to void acknowledgment—untimely**

The trial court did not abuse its discretion by denying de-
fendant's Rule 60 motion to void defendant's acknowledgment of
paternity and his voluntary support agreement after DNA test-
ing where the motion was untimely.

Appeal by defendant from order entered 2 August 2001 by Judge
Tanya Wallace in District Court, Richmond County. Heard in the
Court of Appeals 11 September 2002.

*Attorney General Roy Cooper, by Assistant Attorney General
Brenda Eaddy, for the State.*

*Dawkins & Sullivan, by Donald M. Dawkins, for defendant-
appellant.*

McGEE, Judge.

Don Adams (defendant) executed an Affirmation Acknowledg-
ment and Order of Paternity on 10 July 1995, acknowledging he was
the father of Jalen T. Davis, born 12 September 1994 to Tracy Davis.
Defendant also executed a Voluntary Support Agreement and Order,
agreeing to contribute to the support of Jalen T. Davis. The trial court
entered the Voluntary Support Agreement as an order of the court on

21 July 1995. Defendant executed an Amended Voluntary Support Agreement and Order on 5 November 1996, acknowledging he was the father of a second child born to Tracy Davis, named Donte' E. Davis, and re-acknowledging he was the father of Jalen T. Davis. In this Amended Voluntary Support Agreement and Order, defendant also agreed to contribute to the support of both Jalen T. Davis and Donte' E. Davis. The trial court entered the Amended Voluntary Support Agreement and Order as an order of the court. Defendant alleges that he began to hear rumors that he might not be the father of Jalen T. Davis. Defendant underwent a "DNA Parentage Test" on or about 22 July 1999. The results of this test excluded defendant as the biological father of Jalen T. Davis. Defendant alleges that before the rumors, he had no reason to believe he was not the father of Jalen T. Davis.

Defendant filed a motion on 10 August 2000 asking the trial court to void the Acknowledgment and Order of Paternity he executed on 10 July 1995 and the Amended Voluntary Support Agreement and Order entered 5 November 1996. The motion further asked the trial court to admit into evidence a DNA Parentage Test Report dated 22 July 1999 and to order the State Registrar of Vital Statistics to remove defendant's name as the father of Jalen T. Davis. The trial court denied defendant's motion to strike the existing order of paternity for Jalen T. Davis on 2 August 2001. Defendant appeals the order of the trial court.

Defendant argues in his sole assignment of error that the trial court erred in denying defendant's motion because the DNA test excluded defendant as the biological father of Jalen T. Davis. Our Court held in *Leach v. Alford* that although an order of paternity cannot be collaterally attacked in a proceeding relating solely to an order of support, it can be directly attacked. 63 N.C. App. 118, 122-24, 304 S.E.2d 265, 267-69 (1983). In the case before us, defendant has directly attacked the orders of paternity concerning Jalen T. Davis through his motion.

[1] The trial court considered defendant's pleading as a motion pursuant to N.C. Gen. Stat. § 1A-1, Rule 60. This rule states that "[t]he procedure for obtaining *any* relief from a judgment, order, or proceeding shall be by motion as prescribed in these rules or by an independent action." N.C. Gen. Stat. § 1A-1, Rule 60 (2001) (emphasis added). Defendant's motion is a challenge in the same action, not an independent action; therefore, the trial court correctly considered

defendant's motion in the cause as a motion pursuant to Rule 60. *See id.* Our Court has held that a motion pursuant to N.C.G.S. § 1A-1, Rule 60 is the appropriate method of challenging acknowledgments of paternity. *See Leach,* 63 N.C. App. at 124, 304 S.E.2d at 269 (holding that the doctrine of *res judicata* "does not establish an absolute bar to relief, pursuant to G.S. 1A-1, Rule 60(b)(6), from the underlying acknowledgment (judgment) of paternity"); *see also Garrison ex rel. Chavis v. Barnes,* 117 N.C. App. 206, 207-09, 450 S.E.2d 554, 555-56 (1994) (challenging the paternity determination by way of a motion for relief from judgment pursuant to N.C.G.S. § 1A-1, Rule 60(b)).

Defendant argues that his motion was not captioned as a motion pursuant to N.C.G.S. § 1A-1, Rule 60, and that the trial court improperly considered it as such. Defendant now contends he was seeking relief pursuant to N.C. Gen. Stat. § 110-132(a). Defendant does not cite any case in which paternity was challenged in a motion made pursuant to N.C.G.S. § 110-132(a). It should also be noted that defendant did not refer to any statute in his motion pursuant to which his motion was being made. As our Court stated in *Carter v. Clowers,* "moving papers that are mislabeled in other ways may be treated as motions under Rule 60(b) when relief would be proper under that rule." 102 N.C. App. 247, 253, 401 S.E.2d 662, 665 (1991) (citation omitted). The technical requirements of a motion pursuant to N.C.G.S. § 1A-1, Rule 60(b) require that the motion identify the original error and identify the relief sought. *Id.* Defendant's motion in the cause met these technical requirements. The trial court properly considered defendant's motion as one pursuant to N.C.G.S. § 1A-1, Rule 60.

The cases defendant cites from courts in other jurisdictions involve motions pursuant to the analogous rule to N.C.G.S. § 1A-1, Rule 60, not motions pursuant to the specific paternity statute of that jurisdiction. For example, in *K.W. v. State ex rel. S.G.,* a defendant challenged, by motion, his earlier acknowledgment of paternity of the plaintiff's child. 581 So.2d 855, 856 (Ala. Civ. App. 1991). The facts in *K.W. v. State ex rel. S.G.* tended to show that the defendant, after acknowledging his paternity in court and being adjudicated the father of a child born out-of-wedlock to the plaintiff, was told by the plaintiff that he was not the father of the child. *Id.* The defendant, the plaintiff, and the child all submitted to blood testing, which excluded the defendant as the father of the child. *Id.* The defendant filed motions challenging the acknowledgment and adjudication of paternity, which the court then treated as motions under Rule 60(b) of the

Alabama Rules of Civil Procedure, not motions pursuant to the paternity statute involved in the case. *Id.*

**[2]** Having determined that the trial court correctly decided defendant's motion pursuant to N.C.G.S. § 1A-1, Rule 60(b), our review is limited to determining whether the trial court abused its discretion. *Goodwin v. Cashwell,* 102 N.C. App. 275, 277, 401 S.E.2d 840, 842 (1991) (citing *Greenhill v. Crabtree,* 45 N.C. App. 49, 262 S.E.2d 315, *aff'd by an equally divided court,* 301 N.C. 520, 271 S.E.2d 908 (1980)); *Cole v. Cole,* 90 N.C. App. 724, 727, 370 S.E.2d 272, 273, *disc. review denied,* 323 N.C. 475, 373 S.E.2d 862 (1988) (citing *Sink v. Easter,* 288 N.C. 183, 217 S.E.2d 532 (1975)). "A judge is subject to reversal for abuse of discretion only upon a showing by a litigant that the challenged actions are manifestly unsupported by reason." *Clark v. Clark,* 301 N.C. 123, 129, 271 S.E.2d 58, 63 (1980) (citation omitted).

Defendant in this case argues the 10 July 1995 Acknowledgment and Order of Paternity should be voided on the basis of either mistake or fraud. However, N.C.G.S. § 1A-1, Rule 60(b) contains a time limitation. A motion based on Rule 60(b)(1) for "mistake" or Rule 60(b)(3) for "fraud" must be made within a "reasonable time, and . . . not more than one year after the judgment, order, or proceeding was entered or taken." N.C.G.S. § 1A-1, Rule 60(b). The one-year time limitation in N.C.G.S. § 1A-1, Rule 60(b) is an explicit requirement which our Court cannot ignore. *See Bruton v. Sea Captain Properties,* 96 N.C. App. 485, 488, 386 S.E.2d 58, 59 (1989); *see also Bell v. Martin,* 43 N.C. App. 134, 141-43, 258 S.E.2d 403, 408 (1979) (finding no authority that would allow the tolling of the one-year limitation in N.C.G.S. § 1A-1, Rule 60(b)), *rev'd on other grounds,* 299 N.C. 715, 264 S.E.2d 101 (1980). Further, defendant's motion cannot be considered as one for relief under Rule 60(b)(6) to circumvent this one-year limitation since the facts supporting the motion are facts which, even defendant points out, more appropriately would support consideration pursuant to (b)(1) or (b)(3). *Bruton,* 96 N.C. App. at 488, 386 S.E.2d at 59-60. The most recent order in the present case was entered 5 November 1996. Defendant filed his motion in the cause on 10 August 2000, more than three years after the order was entered, clearly making defendant's motion untimely under N.C.G.S. § 1A-1, Rule 60(b).

The order of the trial court denying defendant's motion pursuant to Rule 60(b) is affirmed.

Affirmed.

Judges WALKER and THOMAS concur.