COUNTY OF DURHAM DSS, ex rel., LESLIE STEVONS v. WINFRED T. CHARLES

No. COA06-307

(Filed 3 April 2007)

**Paternity— motion to set aside acknowledgment—not timely**
The trial court erred by granting defendant's motion to set aside an order of paternity based upon an acknowledgment of paternity and for paternity testing under N.C.G.S. § 110-132 because defendant's claim was filed over seven years after the filng of his acknowledgment of paternity and was not timely.

Judge WYNN dissenting.

Appeal by Durham County from order entered 28 September 2005 by Judge Elaine M. Bushfan in Durham County District Court. Heard in the Court of Appeals 12 December 2006.

*Assistant County Attorney Geri R. Nettles for plaintiff-appellant.*

*No brief filed for appellee.*

STEELMAN, Judge.

On 23 September 1997, Winfred T. Charles ("defendant") executed a "Father's Acknowledgment of Paternity" with respect to a minor child, Tenisha Charles, born 10 May 1988. On 3 October 1997, the Honorable C. D. Johnson entered an order of paternity establishing that defendant was the father of Tenisha Charles. On 23 September 1997, defendant executed a voluntary support agreement and order, agreeing to make monthly child support payments for the minor child. Judge Johnson entered this as an order of the court on 3 October 1997.

COUNTY OF DURHAM DSS ex rel. STEVONS v. CHARLES

[182 N.C. App. 505 (2007)]

On 4 March 2005, defendant filed a motion pursuant to N.C. R. Civ. P. 60(b)(6) and N.C. Gen. Stat. § 110-132, seeking to set aside his acknowledgment of paternity and seeking a paternity test. This motion was allegedly triggered by statements of the child's mother, made during the week of 21 February 2005, that defendant was not the father of the minor child.

This motion came on for hearing before the trial court on 27 June 2005. The trial court's order denied defendant's motion pursuant to Rule 60(b)(6), but granted defendant relief under N.C. Gen. Stat. § 110-132. The order further directed that defendant, the minor child and the mother submit to a paternity test. Plaintiff moved for a temporary stay, for a writ of *certiorari* and for a writ of *supersedeas*. On 17 October 2005, this Court granted a temporary stay of the trial court's order. On 3 November 2005, this Court allowed plaintiff's petitions for writs of *certiorari* and *supersedeas*.

Plaintiff contends that the trial court erred in granting relief to defendant pursuant to N.C. Gen. Stat. § 110-132 and ordering paternity testing. We agree.

N.C. Gen. Stat. § 110-132 provides that a putative father may rescind an acknowledgment of paternity within sixty days of its execution. The statute further provides: "After 60 days have elapsed, execution of the document may be challenged in court only upon the basis of fraud, duress, mistake, or excusable neglect." *Id.* The trial court found that this statute afforded defendant a basis for revoking his acknowledgment of paternity, separate and apart from the provisions of N.C. R. Civ. P. 60. We hold this conclusion of law to have been in error.

N.C. Gen. Stat. § 110-132 was originally enacted by the General Assembly in 1975 and was designated as N.C. Gen. Stat. § 110A-5. *See* 1975 N.C. Sess. Laws ch. 827, § 1. Subsection (a) as originally enacted contained no provision for the rescission of an affidavit of parentage. Subsection (b) provided that "[t]he prior judgment as to paternity shall be res judicata as to that issue and shall not be reconsidered by the court." *Id; see also* N.C. Gen. Stat. § 110-132(b) (2005).

In the decision of *Leach v. Alford*, 63 N.C. App. 118, 304 S.E.2d 265 (1983), this Court held that the above-referenced language contained in subsection (b) did not preclude a putative father from seeking to set aside his affidavit of paternity under the provisions of N.C. R. Civ. P. 60(b)(6).

In 1997, the General Assembly added provisions to N.C. Gen. Stat. § 110-132(a) which provided for procedures to rescind the affidavit of paternity. For purposes of this case, the only relevant portion of the statute is the one dealing with an attempted rescission occurring more than sixty days from the execution of the affidavit of paternity.

This Court has held on several occasions that the proper manner in which to attack a determination of paternity based upon an affidavit of paternity is under N.C. R. Civ. P. 60(b). *See Leach v. Alford,* 63 N.C. App. 118, 304 S.E.2d 265 (1983); *State ex rel. Davis v. Adams,* 153 N.C. App. 512, 571 S.E.2d 238 (2002); *State of N.C. ex rel. Bright v. Flaskrud,* 148 N.C. App. 710, 559 S.E.2d 286 (2002).

Each of the grounds for seeking rescission of the affidavit of paternity under N.C. Gen. Stat. § 110-132(a) are grounds for relief from a judgment enumerated in Rule 60(b)(1), (2) or (3). Rule 60 states that, "for reasons (1), (2) and (3)" the motion shall be made "not more than one year after the judgment, order, or proceeding was entered or taken." We hold that the 1997 amendments to N.C. Gen. Stat. § 110-132 were not intended by the General Assembly to create an unlimited right in the putative father to seek rescission of an affidavit of paternity, but rather to incorporate into the statute the grounds for setting aside a judgment set forth in Rule 60.

Thus, the one-year time period for seeking relief under Rule 60(b)(1), (2) and (3) applies to challenges under N.C. Gen. Stat. § 110-132(a). Since appellee's motion was filed over seven years after the filing of his acknowledgment of paternity, his claims were barred and should have been dismissed by the trial court.

We note that the provisions of Rule 60(b)(6) do not contain a one-year time limit for seeking relief but must be filed "within a reasonable time." The trial court dismissed appellee's claim under Rule 60(b)(6), and appellee failed to preserve this issue for review by this Court.

We reverse the ruling granting defendant's motion pursuant to N.C. Gen. Stat. § 110-132, and remand this matter to the trial court for entry of an order consistent with this opinion.

REVERSED AND REMANDED.

Judge HUNTER concurs.

Judge WYNN dissents in separate opinion.

WYNN, Judge dissenting.

This matter was initiated on 15 September 1988 upon the affirmation of Leslie L. Stevons swearing that Winfred T. Charles "is the natural father" of her child born on 10 May 1988.

In August 1997, "Durham County Child Support" acting upon the sworn statement of Ms. Stevons, caused a warrant for arrest to be issued to Mr. Charles for non-support of Ms. Stevons' child. The warrant stated that there was probable cause to believe that Mr. Charles "did neglect and refuse to support and maintain . . . the illegitimate child born to Leslie Stevons on [10 May 1988]. This neglect and refusal continue after due notice and demand was made upon him by Leslie Stevons."

After issuance of the arrest warrant, Mr. Charles executed an acknowledgment of paternity on 23 September 1997 which was "accompanied by the sworn written Affirmation of Paternity signed by the natural mother." Thereafter, the trial court entered an Order of Paternity on 3 October 1997.

In February 2005, Ms. Stevons called Mr. Charles and advised him that he was not the biological father of her child. In response, Mr. Charles filed motions under Rule 60(b)(6) and N.C. Gen. Stat. § 110-132 seeking relief from the paternity judgment and asking for a paternity test. After a hearing, District Court Judge Elaine Bushfan found as fact that:

8. That prior to the minor child's birth and after the minor child's birth the Plaintiff advised the Defendant that he was the biological father of this child.

9. That the Defendant based on these allegations and affirmations to him signed an Affidavit of Parentage that he was the biological father of the minor child, . . .

10. That the Defendant believed the minor child was his biological child until the week of February 21, 2005 when the Plaintiff advised the Defendant for the first time that he was not the father of the minor child, . . .

11. That the Defendant testified the Plaintiff called him and stated that she needed to speak with him.

13. That when the Defendant asked the Plaintiff if the minor child was Darryl's biological child the Plaintiff admitted that the minor child was Darryl's and that she lied to the Defendant when she initially told him the minor child was his at the child's birth and thereafter.

Judge Bushfan further found that "it has never been contemplated by any Court that any fraud is allowed to stand" and that "fraud can be attacked in equity and justice." Most significantly, the trial court found that "there is no evidence at this trial contradicting the Defendant's testimony." Based upon the findings, the trial court granted Defendant relief under N.C.G.S. 110-32 concluding:

4. That the Defendant should be allowed to challenge the affidavit of parentage and be entitled to a paternity test based on fraud pursuant to N.C.G.S. 110-132.

5. That the Defendant should likewise be entitled to challenge the affidavit of parentage and have a paternity test based on equity in light of the circumstances and based on the findings of fact as set out in this case.

Accordingly, the trial court ordered the parties to submit to a paternity test.

I agree with Judge Bushfan's decision to grant Mr. Charles relief under N.C. Gen. Stat. § 110-132(a). This statute states that a putative father may challenge his acknowledgment of paternity upon the basis of fraud. The unchallenged and therefore binding findings of the trial court establish that Mr. Charles was the victim of a fraud. Section 110-132(a) is a specific statute that allows a trial court to grant relief in paternity cases to victims of fraud. As such I would hold that Section 110-132(a) controls over the application of the more general statute, Rule 60(b).

As a matter of justice, Ms. Stevons did not commit this fraud alone, she was assisted and aided by the Durham County Department of Social Services who too became a victim of her fraud. Neither Ms. Stevons nor the DSS should benefit from the lie told by Ms. Stevons. That is why the General Assembly enacted a specific statute, section 110-132, authorizing our trial courts to do justice where there is uncontroverted evidence of fraud in paternity cases.