GUILFORD COUNTY BY AND THROUGH ITS CHILD SUPPORT ENFORCEMENT UNIT, EX REL. ANGELA HILL, PLAINTIFF v. BRIAN D. HOLBROOK, DEFENDANT

No. COA07-1165

(Filed 6 May 2008)

**Child Support, Custody, and Visitation— child support—affidavit of parentage—Rule 60(b) motion**

    The trial court did not abuse its discretion in a child support case by granting defendant's N.C.G.S. § 1A-1, Rule 60(b) motion to set aside the 21 April 2006 order that adjudicated him the father of a minor child even though plaintiff contends defendant

---

exceeded Rule 60(b)'s one-year time limit since he brought his motion on 11 May 2006 and he executed an affidavit of parentage on 26 July 2003 nearly three years earlier, because: (1) Rule 60(b) provides that a party must bring a motion under subparts (1)-(3) not more than one year after the judgment, order, or proceeding was entered or taken, and plaintiff acknowledged that the affidavit of parentage was not filed until 10 June 2005; (2) the one-year limit did not begin to run until 10 June 2005, and thus defendant filed the motion within the one-year time limit; and (3) the one-year clock begins to run only after an affidavit of paternity has been filed and some judgment, order, or proceeding was entered or taken by a court, and not from the day that a putative father executes an affidavit of parentage.

Appeal by plaintiff from order entered 31 May 2007 by Judge Patrice A. Hinnant in Guilford County District Court. Heard in the Court of Appeals 20 February 2008.

*James A. Dickens for plaintiff.*

*Kathryn S. Lindley for defendant.*

ELMORE, Judge.

Guilford County (plaintiff) by and through its child support enforcement unit, *ex relatione* Angela Hill, appeals a 31 May 2007 order setting aside a 12 October 2005 order adjudicating Brian D. Holbrook (defendant) the father of a minor child, B.H. For the reasons stated below, we affirm the order of the district court.

B.H. was born to Angela Hill on 25 July 2003. Defendant signed an affidavit of parentage for B.H. on 26 July 2003. The couple was never married. On 12 October 2005, the district court entered an order adjudicating defendant the father of B.H. upon a motion by plaintiff for the purpose of establishing defendant's child support obligation. The 12 October 2005 order found as fact that the court could not verify defendant's income and ordered defendant to pay $50.00 per month for current support, effective 1 July 2005. The order also continued the matter until 13 September 2005, when defendant should "return to court with verifiable employer [sic], with a pay rate" so that the court could verify his income. On 21 April 2006, the district court entered an order requiring defendant to pay child support at a rate of $558.00 per month.

On 11 May 2006, defendant filed a Rule 60 motion to set aside the 21 April 2006 order and a motion for paternity test. Defendant alleged that he "was informed, believes, and therefore alleges that [Hill] has informed others that another person is the father of the child in this matter; further that [Hill] alleged [he] was the father of another child wherein subsequent paternity testing found he was not the father." He asked the court to set aside the 21 April 2006 child support order and to order the parties to submit to a paternity test.

On 26 October 2006, Judge Hinnant filed an order allowing defendant's motion for paternity testing, placing the child support payments on hold pending the outcome of the testing, and holding open defendant's Rule 60 motion to set aside until further hearing. Judge Hinnant found as fact:

6. The Defendant further contends that [Hill] had previously alleged he was the father of [B.H.'s] brother, [T.H.], but this was disproved via paternity testing.

7. [T.H.'s] father, who was also present in the courtroom, testified that [Hill] alleged Defendant was the father of [T.H.] before naming him as the father.

8. The Defendant states he was recently told that the child on this action is not his biological child.

9. The IV-D Agency contends that the issue of paternity regarding [B.H.] is res judicata [sic], as evidenced by the signed Affidavit of Parentage.

10. Based on the above-findings that [Hill] mistakenly identified Defendant as the father of her first child, [T.H.], there is a reasonable possibility that Defendant is not the biological father of [B.H.].

Plaintiff then filed a writ of certiorari to this Court asking us to reverse Judge Hinnant's order allowing defendant's motion for paternity testing. We granted the writ and reversed the order for paternity testing because defendant was barred by the doctrine of *res judicata* from contesting paternity.

Judge Hinnant heard the matter again on 22 February 2007. She made the following relevant findings in her 31 May 2007 order:

9. The Court finds that the mother, Angela Hill, informed others that another person other than the Defendant was the father of the minor child in this matter.

10. The Court finds that the mother also alleged that the Defendant was the father of her other child, but subsequent paternity testing proved that he was not the father.

11. The Court reviewed pictures of both of [Hill's] children, and compared the photograph of the minor child in this action to the Defendant and to [Hill's] other child by another man.

12. Based on the Court's evaluation of the photographs revealing the appearance of the children and the lack of resemblance to the Defendant of either child, there is a reasonable belief that the Defendant may not be the father of this child, because [Hill] was involved with another man.

Judge Hinnant then granted defendant's Rule 60 motion and his motion for paternity test.

Plaintiff filed writs of certiorari and supersedeas with this Court. We granted certiorari and stayed Judge Hinnant's 31 May 2007 order pending the outcome of this appeal.

Plaintiff's sole argument on appeal is that the trial court abused its discretion by granting defendant's Rule 60(b) motion. Plaintiff contends that defendant exceeded Rule 60(b)'s one-year time limit because he brought his motion on 11 May 2006 and he executed the affidavit of parentage on 26 July 2003, nearly three years earlier. Rule 60(b) states, in relevant part:

b) *Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud, etc.*—On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

(1) Mistake, inadvertence, surprise, or excusable neglect;

(2) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

(3) Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

* * *

The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

N.C. Gen. Stat. § 1A-1, Rule 60(b) (2007).

Although we agree with plaintiff that defendant's Rule 60(b) motion is best characterized as falling within Rule 60(b)(1)-(3) and not the more time-permissive Rule 60(b)(6), we disagree with plaintiff's assertion that defendant had one year from the execution of the affidavit of parentage to bring his Rule 60(b) motion. Rule 60(b) states that a party must bring a motion under Rule 60(b)(1)-(3) "not more than one year after the *judgment, order, or proceeding* was entered or taken." N.C. Gen. Stat. § 1A-1, Rule 60(b) (2007) (emphasis added). In this case, plaintiff acknowledges that the affidavit of parentage was not filed until 10 June 2005. No "judgment, order, or proceeding" could be "entered or taken" until the affidavit of parentage was filed with a court. Accordingly, the one-year limit did not begin to run until 10 June 2005. Defendant filed his Rule 60 motion on 11 May 2006, within the one-year time limit.

Plaintiff relies on our opinions in *State ex rel. Davis v. Adams*, 153 N.C. App. 512, 571 S.E.2d 238 (2002), and *County of Durham DSS, ex rel. Stevons v. Charles*, 182 N.C. App. 505, 642 S.E.2d 482 (2007), to support his claim that the one-year time limit started running on the day that defendant executed the affidavit of parentage. This reliance is misplaced. In *Davis*, the defendant father executed an affidavit of parentage on 10 July 1995 and "[t]he trial court entered the Voluntary Support Agreement as an order of the court on 21 July 1995." *Davis*, 153 N.C. App. at 512-13, 571 S.E.2d at 239. The defendant executed an amended voluntary support agreement, which was entered as an order of the court on 5 November 1996. *Id.* at 513, 571 S.E.2d at 239. The defendant underwent a paternity test in 1999 after hearing rumors that he was not the biological father of the minor child. *Id.* The defendant filed a Rule 60(b) motion "on 10 August 2000 asking the trial court to void the Acknowledgment and Order of Paternity he executed on 10 July 1995 and the Amended Voluntary Support Agreement and Order entered 5 November 1996." *Id.* The trial court denied defendant's motion. *Id.* We affirmed the trial court, reasoning that "*[t]he most recent order* in the present case was entered 5 November 1996. Defendant filed his motion in the cause on 10 August 2000, more than three years *after the order was entered,* clearly making defendant's motion untimely under N.C.G.S. § 1A-1, Rule 60(b)." *Id.* at 515, 571 S.E.2d at 241 (emphases added).

Similarly, in *Stevons*, the defendant father executed an acknowledgment of paternity on 23 September 1997 and the trial court entered an order of paternity and a voluntary support agreement and order on 3 October 1997. *Stevons*, 182 N.C. App. at 505, 642 S.E.2d at

483. On 4 March 2005, shortly after the mother made statements that the defendant was not the minor child's biological father, the defendant filed a motion pursuant to Rule 60(b) and N.C. Gen. Stat. § 110-132 "seeking to set aside his acknowledgment of paternity and seeking a paternity test." *Id.* at 506, 642 S.E.2d at 483. The trial court denied the defendant's motion pursuant to Rule 60(b), but granted relief under N.C. Gen. Stat. § 110-132. *Id.* The issue on appeal was whether the trial court erred by granting relief under § 110-132; we did not examine the trial court's denial of the motion on Rule 60(b) grounds. *Id.* We held that "the one-year time period for seeking relief under Rule 60(b)(1), (2) and (3) applies to challenges under N.C. Gen. Stat. § 110-132(a)." *Id.* at 507, 642 S.E.2d at 484. We reversed the trial court's order because the defendant's "motion was filed over seven years *after the filing of his acknowledgment of paternity*," and were therefore time-barred. *Id.* (emphasis added).

It is clear from our analysis in *Davis* and *Stevons* that the one-year clock begins to run only after an affidavit of paternity has been filed and some "judgment, order, or proceeding was entered or taken" by a court, and not from the day that a putative father executes an affidavit of parentage. Here, defendant filed his Rule 60(b) motion within the one-year time limit, and the district court properly heard the motion.

Accordingly, we affirm the order of the district court.

Affirmed.

Judges McCULLOUGH and ARROWOOD concur.